TYRA v ORGAN PROCUREMENT AGENCY OF MICHIGAN

Docket No. 298444. Submitted April 4, 2013, at Detroit. Decided August 15, 2013, at 9:00 a.m. Leave to appeal sought.

Lisa Tyra filed an action against Organ Procurement Agency of Michigan, Stephen Cohn, M.D., William Beaumont Hospital, Dillip Samara Pungavan, M.D., and John Doe in the Oakland Circuit Court, alleging medical malpractice. Plaintiff sent notices of intent to defendants pursuant to MCL 600.2912b, and filed her complaint 112 days later, rather than waiting the 182 or more days required by MCL 600.2912b(1). Defendants filed a motion for summary disposition, claiming that the action should be dismissed with prejudice because plaintiff had prematurely filed her complaint and the limitations period had expired. Plaintiff argued that defendants had waived the notice-period affirmative defense because their responsive pleading had failed to put her on notice that she had failed to comply with the requirement. The trial court, Nanci J. Grant, J., granted defendants summary disposition, concluding that defendants' failure to provide detailed facts concerning the affirmative defense did not waive the defense. Plaintiff appealed.

The Court of Appeals *held*:

1. MCR 2.111(F) provides that a defendant waives any affirmative defense not set forth in the defendant's first responsive pleading. MCR 2.111(F)(3) requires the party to state the facts constituting the affirmative defense raised to provide the opposing party with sufficient facts to permit that party to take a responsive position. A plaintiff's failure to comply with the MCL 600.2912b procedural prerequisites for commencing a medical malpractice action constitutes an affirmative defense that must be raised by a defendant in the first responsive pleading to avoid waiver under MCR 2.111(F). In this case, defendants' statements that (1) plaintiff failed to comply with the notice provisions of MCL 600.2912b, and (2) the action was time-barred, were insufficient to raise the affirmative defense of failure to comply with the notice period; defendants failed to provide an adequate statement of facts in support of the affirmative defense. Had plaintiff's action not

been dismissed for other reasons, under MCR 2.111(F), defendants would have waived the affirmative defense.

2. MCL 600.2912b provides that a plaintiff must provide to a health professional or health facility defendant written notice of intent to commence suit in a medical malpractice action 182 or more days before filing the complaint. Under MCL 600.5856(d), the two-year period of limitations for medical malpractice actions is tolled during the notice period if notice is given in compliance with MCL 600.2912b. The Supreme Court's rulings in *Burton v Reed City Hosp Corp*, 471 Mich 745; 691 NW2d 424 (2005) and *Auslander v Chernick*, 480 Mich 910; 739 NW2d 620 (2007) are binding; regardless of whether the defendants were prejudiced, plaintiff's medical malpractice complaint, which was filed prior to the expiration of the MCL 600.2912b waiting period, did not commence an action that tolled the running of the two-year statute of limitations pursuant to MCL 600.5856(a).

3. Under MCL 600.2301, the court in which any action or proceeding is pending, has the power to allow the amendment of any pleading or proceeding in such action or proceeding so long as the amendment was in the interests of justice and did not affect the substantial rights of the other party. The power to amend pleadings or proceedings under MCL 600.2301 applies to the entire notice process of MCL 600.2912b(1). In this case, the trial court erred by granting summary disposition in favor of defendants because it had discretion to allow plaintiff to amend her complaint so as to comply with the MCL 600.2912b(1) notice requirements. Although plaintiff's prematurely filed complaint did not commence an action for purposes of MCL 600.2912b, the proceeding was underway because plaintiff had properly filed the notice of intent. Because the proceeding was underway, the trial court had discretion under MCL 600.2301 to allow plaintiff to amend the filing date of her complaint and affidavit of merit to comply with MCL 600.2912b(1).

Reversed and remanded for further proceedings.

WILDER, P.J., dissenting, would have affirmed the trial court order granting summary disposition in favor of defendants on the basis, that because plaintiff prematurely filed her complaint, the action was not properly commenced and the malpractice period of limitation was not tolled. He also would have concluded that defendants did not waive their affirmative defense that the action was not properly commenced because the issue of a plaintiff failing to comply with MCL 600.2912b can be raised irrespective of whether the defendant properly asserts it. Judge WILDER would have held that plaintiff's complaint could not be amended under

MCL 600.2301 because a proceeding is not pending in the court; the limitations period expired without commencement of a medical malpractice action because plaintiff filed her complaint prematurely.

*Mark Ganzotto, P.C.* (by *Mark Granzotto*) and *Cutler & Cutler PLLC* (by *Donald M. Cutler*), for Lisa Tyra.

*Lipson, Neilson, Cole, Seltzer & Garin, PC* (by *Karen A. Smyth* and Mark E. Phillips), for Organ Procurement Agency of Michigan.

*O'Connor, DeGrazia, Tamm & O'Connor, PC* (by *Julie McCann O'Connor* and *Richard M. O'Connor*), for Dr. Steven Cohn and William Beaumont Hospital.

Before: WILDER, P.J., and STEPHENS and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. In this medical malpractice action, plaintiff appeals as of right the trial court's grant of summary disposition in favor of defendants pursuant to MCR 2.116(C)(7). Plaintiff's action arose out of a kidney transplant; she suffered injury because the kidney was not properly checked for a "cross-match" prior to transplantation, and it was subsequently discovered that there was a positive match. Plaintiff sent notices of intent to defendants pursuant to MCL 600.2912b, but filed her complaint 112 days later instead of waiting 182 days or more as required by statute, MCL 600.2912b(1). Although the trial court otherwise reached the only result possible under the currently binding caselaw precedent, the trial court erred by failing to afford plaintiff an opportunity to pursue the possibility of amending the filing date of the complaint pursuant to MCL 600.2301. We therefore reverse and remand.

Plaintiff received her kidney transplant on June 9, 2007. On April 23, 2009, she sent defendants notices of intent to file a claim, pursuant to MCL 600.2912b. Plaintiff filed the complaint on August 13, 2009. Consequently, plaintiff filed her complaint 112 days after serving the notices of intent, rather than at the end of the 182-day period called for by MCL 600.2912b(1). Defendants do not, at least for purposes of the instant motion proceedings, dispute the propriety and sufficiency of the notices of intent. Defendants eventually filed a motion for summary disposition on the theory that because plaintiff had failed to wait either the full 182-day period or the shortened 154-day period permitted if a defendant failed to respond to a notice of intent, MCL 600.2912b(1) and (8), plaintiff's complaint was insufficient to commence the action. Because the limitations period had expired by then, defendants argued that dismissal must be with prejudice. Plaintiff contended that because defendants' responsive pleadings asserting their affirmative defenses failed to set forth sufficient facts to put plaintiff on notice that she had failed to comply with the notice-period requirement, defendants had waived that affirmative defense pursuant to MCR 2.111(F). The trial court, relying on *Burton v Reed City Hosp Corp*, 471 Mich 745; 691 NW2d 424 (2005), concluded that the failure to provide detailed facts constituting the affirmative defense did not waive the defense. The trial court therefore granted summary disposition in favor of defendants, and this appeal followed.

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Under MCR 2.116(C)(7), where the claim is allegedly barred, the trial court must accept as true the

contents of the complaint, unless they are contradicted by documentary evidence submitted by the moving party. *Id.* at 119. This Court likewise reviews de novo questions of statutory construction, with the fundamental goal of giving effect to the intent of the Legislature. *Weakland v Toledo Engineering Co, Inc,* 467 Mich 344, 347; 656 NW2d 175, amended on other grounds 468 Mich 1216 (2003). This Court may not depart from the literal language of an unambiguous statute merely because the result would be absurd, *People v McIntire,* 461 Mich 147, 155-156, n 2; 599 NW2d 102 (1999), but if it proves necessary to interpret ambiguous language, then an absurd or unjust result should be avoided to the extent possible. See *Rafferty v Markovitz,* 461 Mich 265, 270; 602 NW2d 367 (1999). Interpretation of a court rule follows the general rules of statutory construction. *Grievance Administrator v Underwood,* 462 Mich 188, 193-194; 612 NW2d 116 (2000).

It has essentially always been the rule in Michigan that defendants must "apprise the plaintiff of the nature of the defense relied upon, so that he might be prepared to meet, and to avoid surprise on the trial." *Rosenbury v Angell,* 6 Mich 508, 513 (1859). Today, MCR 2.111(F) provides that a defendant waives any affirmative defense not set forth in the defendant's first responsive pleading. *Electrolines, Inc v Prudential Assurance Co, Ltd,* 260 Mich App 144, 164; 677 NW2d 874 (2003). An affirmative defense presumes liability and accepts a plaintiff's prima facie case, but asserts that the defendant is not liable for other reasons not set forth in the plaintiff's pleadings. *Citizens Ins Co of America v Juno Lighting, Inc,* 247 Mich App 236, 241; 635 NW2d 379 (2001). We hold that failure to comply with purely procedural prerequisites for commencing a

medical malpractice action is therefore an affirmative defense that must be raised to avoid waiver under MCR 2.111(F).

We note, however, that although *Electrolines, Inc* did not so mention, affirmative defenses are not necessarily waived by failing to state them in a first responsive pleading at the time that pleading is originally filed. Pursuant to MCR 2.111(F)(3), "[a]ffirmative defenses must be stated in a party's responsive pleading, either as originally filed *or as amended in accordance with MCR 2.118*" (emphasis added). Likewise, a defense "not asserted in the responsive pleading *or by motion as provided by these rules* is waived . . . ." MCR 2.111(F)(2) (emphasis added). Although affirmative defenses are not "pleadings," *McCracken v City of Detroit*, 291 Mich App 522, 528; 806 NW2d 337 (2011), the court rules unambiguously permit them to be amended in the same manner as pleadings. This is noteworthy in part because the practice of filing "boilerplate" affirmative defenses consisting of generic, unsupported, bald assertions of every conceivable affirmative defense irrespective of, and possibly even contrary to, any known facts is not only unnecessary, but wasteful, counterproductive, and in some instances possibly even contrary to MCR 2.114(D). Rather, a defendant may move to amend their affirmative defenses to add any that become apparent at any time, and any such motion should be granted as a matter of course so long as doing so would not prejudice the plaintiff. See MCR 2.118(A)(2).

Furthermore, MCR 2.111(F)(3) requires that the party "*must state the facts constituting*" any affirmative defense so raised (emphasis added). The purpose of this requirement is to provide the opposing party with sufficient notice of the alleged affirmative defenses to permit that party to take a responsive position, and a

stated affirmative defense that does so will not be deemed insufficient. *Hanon v Barber*, 99 Mich App 851, 856; 298 NW2d 866 (1980). However, "[j]ust as the plaintiff must plead something beyond a general the 'defendant injured me,' the defendant must plead something more specific than, 'I deny I'm liable.' " *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 318; 503 NW2d 758 (1993). Put another way, a statement of an affirmative defense must contain facts setting forth *why and how* the party asserting it believes the affirmative defense is applicable.

In this case, one group of defendants presented a list of affirmative defenses that, in relevant part, stated, "Plaintiff failed to comply with the notice provisions of MCL 600.2912b; MSA 27A.2912b and that Plaintiff's action is thus barred; Defendant gives notice that it will move for summary disposition." The other group of defendants did not even mention MCL 600.2912b at all. The latter group seems to assert that their affirmative defenses were sufficient because another defendant's affirmative defenses were sufficient. The former group of defendants asserts that their affirmative-defense statement was sufficient because the "notice provisions of MCL 600.2912b" include the waiting period—which is described as a "notice period" in the statute. We disagree with both assertions. The affirmative defenses presented in this case were not sufficient to raise the affirmative defense of failure to comply with the notice period; consequently, that affirmative defense should be deemed waived.[1]

---

[1] As the dissent notes, and as we discuss later, our Supreme Court in *Auslander v Chernick*, 480 Mich 910; 739 NW2d 620 (2007), stated its approval of a dissent in an unpublished opinion of this Court and held that a defendant may raise the MCL 600.2912b notice-period defense, irrespective of their failure to comply with the plain and unambiguous requirements of MCR 2.111, because MCR 2.111 does not apply if the

MCL 600.2912b(4) specifically addresses "the notice given to a health professional or health facility." An ordinary reading of the affirmative defense alongside the statute could reasonably induce a reader to believe that plaintiff's only alleged violation of MCL 600.2912b— specifically, the "notice provisions" thereof—pertained to the notice *itself*, as distinct from the notice period. It is true that "the primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position." *Stanke*, 200 Mich App at 317, citing 1 Martin, Dean & Webster, Michigan Court Rules Practice, p 186. Therefore, by extension to other filings, the statement of facts required under MCR 2.111(F) is not extensive or detailed. However, the statement here is merely a conclusion, not even a vague statement of "facts *constituting*" an affirmative defense. MCL 2.111(F)(3). The statement fails to explain why defendants believed plaintiff "failed to comply with the notice provisions of MCL 600.2912b." Rather, it is merely the equivalent of a plaintiff baldly stating that the "defendant breached the standard of care" and leaving it at that.

A plaintiff *may* move for a more definite statement if the statement is vague or ambiguous. MCR 2.115(A). Plaintiff did not at that time move to strike any affirmative defenses as insufficient or request more

---

lawsuit was not properly commenced. We and the trial court are bound by that decision; the waiver here is, therefore, of no practical legal effect. However, we are concerned that while an attorney owes no specific duty to opposing counsel or parties, *Trepel v Pontiac Osteopathic Hosp*, 135 Mich App 361, 383; 354 NW2d 341 (1984), deeming such a waiver irrelevant will impair our overall public policy of preferring to resolve disputes on the merits instead of technicalities. See *Huggins v MIC Gen Ins Corp*, 228 Mich App 84, 86; 578 NW2d 326 (1998) (noting that while determining issues on their merits is generally favored, the decision whether to set aside a default is within the trial court's discretion).

detail. However, a failure to move for a more definite statement is not proof that the filing was adequate to begin with. See *Dacon v Transue*, 441 Mich 315, 334-335 n 20; 490 NW2d 369 (1992). Consequently, failing to move to strike or for a more definite statement does not establish the sufficiency of the affirmative defenses as filed.[2] This is particularly the case where a party somehow induces the other party to believe that doing so is unnecessary. See *Hill v Freeman*, 117 Mich App 788, 792-793; 324 NW2d 504 (1982). Failing to move for a more definite statement *may* mean that the other party was not confused, but it may also mean that the other party was so confused that it was not aware that it was confused. In this case, the affirmative-defense statement as written, without reference to a factual basis, or even to a correctly specific portion of the statute, naturally leads to the conclusion that the stated affirmative defense was alleging that the notice itself was deficient. A statement likely to induce a party to take a responsive position that is unrelated to what the party now claims to have meant is not, in any meaningful sense, sufficient.

Because defendants failed to provide any, let alone a comprehensible or adequate, statement of facts supporting the relevant affirmative defense, we find the affirmative-defense statement by the defendants insufficient to raise the affirmative defense of plaintiff's failure to comply with the notice-*period* requirement of

---

[2] As noted, it is apparently standard practice to file borderline-nonsensical boilerplate lists of possible affirmative defenses with little, if any, anticipation that most of them have the slightest factual basis. Deeming them adequate unless challenged would unleash a wasteful avalanche of equally *pro forma* challenges and, quite possibly, sanctions. Furthermore, it may be impossible for a party to determine which bare assertions of affirmative defenses might have any merit in the absence of meaningful supporting facts offered for any of them.

MCL 600.2912b. Under a plain application of MCR 2.111(F), the affirmative defense would be waived.

Defendants alternatively argue that the trial court constructively granted leave to amend their affirmative defenses by considering the merits of defendants' assertions that plaintiff failed to comply with MCL 600.2912b. As discussed, a party may amend filings as long as doing so will not prejudice the opposing party. MCR 2.118; MCL 600.2301; *Stanke,* 200 Mich App at 321. The record discloses no reason why the trial court could not have permitted defendants to amend their affirmative defenses at any time *before* it became "too late" for plaintiff to correct her error. However, there is no indication that the trial court or the parties believed that any amendment transpired. Defendants' reliance on *Cole v Ladbroke Racing Mich, Inc,* 241 Mich App 1; 614 NW2d 169 (2000), is misplaced, because in that case, the trial court explicitly "recognized that [the] defendant needed the court's permission to assert the affirmative defense, and then stated, 'Let's go ahead' " and heard the motion on the basis of that defense. *Id.* at 9. Consequently, the trial court in *Cole* engaged in overt action that constructively granted leave to amend. We do not believe that in this case the trial court's actions should be justified after the fact because of the theoretical existence of an alternative course of action the trial court could have taken but did not in any way suggest that it actually did. In any event, amendment of defendants' affirmative defenses *after* the expiration of the limitations period unambiguously worked to the prejudice of the other party and therefore would not have been permissible. MCR 2.118(A)(2).

However, defendants also argue that even if their affirmative defenses were insufficient, summary disposition was nevertheless warranted because, ultimately,

plaintiff's complaint, which was filed before the 182-day notice period mandated by MCL 600.2912b(1) had elapsed, simply failed to commence the action. Therefore, the trial court had no other alternative to dismissing the action. Under the current state of binding case law, we are compelled to agree.

In *Auslander v Chernick*, unpublished opinion per curiam of the Court of Appeals, issued May 1, 2007 (Docket No. 274079), the plaintiffs failed to file an affidavit of merit with their medical malpractice complaint. The defendants' affirmative defenses included statements that the plaintiffs' claim was " 'barred by the statute of limitations as it applies to malpractice actions' " and that the plaintiffs' affidavit of merit " 'fail[ed] to meet the requirements of MCL §600.2912a; MCL §600.2912d, and other provisions as set forth in the Tort Reform Acts of 1993 and 1995.' " The defendants moved for summary disposition after the expiration of the limitations period, arguing that the plaintiffs had failed to file affidavits of merit with the complaint. The Plaintiffs responded that the defendants had waived any such defense because the defendants had not stated the facts forming the basis for that affirmative defense in compliance with MCR 2.111(F). The trial court agreed and concluded that if strict compliance was required of the plaintiffs, it was also required of the defendants, and so it denied the motion for summary disposition.

A majority of a panel of this Court affirmed. However, in a dissenting opinion, Judge JANSEN stated,

> I fully acknowledge that a defendant must raise certain defenses in its first responsive pleading, and that a failure to do so may result in the waiver of those defenses. See MCR 2.111(F)(2); MCR 2.111(F)(3). However, I conclude that [the] defendants were never required to raise or plead

their asserted defenses in the first instance because this medical malpractice action was never properly commenced.

[The] [p]laintiffs' claims arose, at the latest, at the time of the myocardial infarction in March 2003. "[T]he mere tendering of a complaint without the required affidavit of merit is insufficient to commence [a medical malpractice] lawsuit," and therefore does not toll the two-year period of limitations. *Scarsella v Pollak*, 461 Mich 547, 549-550; 607 NW2d 711 (2000). In this case, plaintiffs wholly omitted to file the requisite affidavits of merit, and their complaint of September 2004 was therefore insufficient to toll the limitations period. *Id.* Regardless whether [the] defendants properly raised and preserved the statute-of-limitations and affidavit-of-merit defenses in their first responsive pleading, the period of limitations was not tolled by [the] plaintiffs' complaint, and [the] plaintiffs' claims were already time-barred at the time of the circuit court's ruling. *Id.* at 553. I would reverse and remand for dismissal with prejudice of [the] plaintiffs' claims. MCR 2.116(C)(7); *Scarsella*, [461 Mich] at 551-552.

On appeal, our Supreme Court reversed "for the reasons stated in the Court of Appeals dissenting opinion." *Auslander v Chernick*, 480 Mich 910; 739 NW2d 620 (2007). Orders from our Supreme Court constitute binding precedent to the extent they can be understood as having a holding based on discernible facts and reasoning. *Evans & Luptak, PLC v Lizza*, 251 Mich App 187, 196; 650 NW2d 364 (2002). Our Supreme Court's order of reversal in *Auslander* can be understood as adopting the reasoning of the dissenting opinion from this Court in that case, and that dissent consequently constitutes binding precedent despite originally having been unpublished and not binding pursuant to MCR 7.215(C)(1).

This conclusion appears to do violence to what otherwise appears to be the plain and unambiguous requirements of the court rule. It is especially concerning

because there is no indication that defendants suffered any actual prejudice. Conversely, had defendants actually articulated the fact that plaintiff had filed a premature complaint in their affirmative defenses, plaintiff would have still been able to correct the deficiency by filing a properly timed complaint. Rather, defendants only articulated the prematurity after the limitations period had expired. Consequently, permitting defendants to utilize this affirmative defense despite failing to comply with the clear and mandatory requirement of MCR 2.111(F) that they state the facts constituting that defense, encourages gamesmanship and resolution of cases on the basis of technicalities that harmed no party, rather than on any merits whatsoever. Nevertheless, this Court is bound to follow holdings of our Supreme Court. *People v Mitchell*, 428 Mich 364, 369-370; 408 NW2d 798 (1987). Notwithstanding the plain language of the court rule, a plaintiff's failure to comply with MCL 600.2912b remains available as a defense to a defendant irrespective of whether the defendant properly asserts it.

Pursuant to MCL 600.2912b, a medical malpractice action cannot be commenced unless the plaintiff first provides to health professional or health facility defendants a written notice of intent to commence suit and then waits 182 days before filing the complaint. *Burton*, 471 Mich at 751. "MCL 600.5856(d) provides that the two-year period of limitations for medical malpractice actions is tolled during the notice period if notice is given in compliance with MCL 600.2912b." *Id.* at 752. Generally, the statute of limitations is then further tolled pursuant to MCL 600.5856(a) by the filing of a complaint and affidavit of merit. *Kirkaldy v Rim*, 478 Mich 581, 585; 734 NW2d 201 (2007). Pursuant to *Burton*, 471 Mich at 751-756, a medical malpractice complaint filed prior to the expiration of the

MCL 600.2912b waiting period does not commence the action and does not toll the running of the limitations period pursuant to MCL 600.5856(a). The *Burton* Court further held that whether a defendant was prejudiced was immaterial. *Id.* at 753. Plaintiff's argument is essentially that *Burton* is no longer entirely "good law" in this latter respect.

*Burton* relied to some extent on analogous reasoning in *Scarsella*, wherein the Court had "concluded that the filing of a complaint without the required affidavit of merit was insufficient to commence the lawsuit." *Burton*, 471 Mich at 752, citing *Scarsella*, 461 Mich at 549. The Court in *Burton* went on to state that "[t]he filing of a complaint before the expiration of the statutorily mandated notice period is no more effective to commence a lawsuit than the filing of a complaint without the required affidavit of merit." *Burton*, 471 Mich at 754. The Court further relied on *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 66-68; 642 NW2d 663 (2002), which held that complete compliance with MCL 600.2912b was mandatory before the limitations period would be tolled. *Burton*, 471 Mich at 753.

As applied to the instant case, because plaintiff's prematurely filed complaint did not toll the running of the limitations period, that period eventually expired. Defendants moved for summary disposition after that expiration. However, because the limitations period had expired, plaintiff could not refile and the dismissal was with prejudice.

Plaintiff argues that the relevant portion of *Roberts* on which *Burton* relied was subsequently overruled when our Supreme Court later concluded that, on the basis of subsequent legislative changes, a defective notice of intent *would* toll the running of the statute of limitations. *Bush v Shabahang*, 484 Mich 156, 170 n 26;

772 NW2d 272 (2009). Our Supreme Court also explained that because MCL 600.2912b was intended to promote settlement and reduce costs of litigation, failure to comply with the statute was not per se a basis for dismissal with prejudice. *Id.* at 174-175, citing Senate Legislative Analysis, SB 270, August 11, 1993, and House Legislative Analysis, HB 4403 to 4406, March 22, 1993. Finally, the Court explained that notices of intent could be amended pursuant to MCL 600.2301. *Id.* at 176-178.

Plaintiff contends that because *Burton* analogized a prematurely filed complaint to a defective notice of intent, which at the time was held not to toll the limitations period but now is deemed to toll the limitations period, a prematurely filed complaint should likewise be deemed to toll the limitations period, at least until such time as it is successfully challenged. See, by analogy, *Kirkaldy*, 478 Mich at 586 (holding that a defective affidavit of merit tolls the limitations period until it is successfully challenged). We are unaware of any readily apparent reason why a defective affidavit of merit or a defective notice of intent are sufficient to toll a limitations period but a defective complaint is not. Furthermore, it appears to us that our Supreme Court rejected the plain language of MCL 600.5856(a) in *Burton*, 471 Mich at 752-754. MCL 600.5856(a) *explicitly* states that the limitations period is tolled, "[A]t the time the complaint is filed," *not* "when the claim is commenced" or "when the complaint is properly and/or timely filed." A prematurely filed complaint could not, in the words of MCL 600.2912b, "commence an action;" however, nothing in MCL 600.2912b prohibits filing a complaint, and nothing in MCL 600.5856(a) concerns itself with the propriety of the complaint or whether the action has actually been

commenced. Indeed, MCL 600.2912b(3)(c) explicitly draws a distinction between "fil[ing] a complaint" and "commenc[ing] an action."

However, regardless of our Supreme Court's reasoning, *Burton* has not been overturned. Even if the underpinnings of the relevant holding have been eviscerated, the case itself remains binding. This Court has no power or authority to disregard the plain holding of a decision by our Supreme Court merely because that holding no longer seems valid; only our Supreme Court can do that. *Mitchell*, 428 Mich at 369-371. Moreover, citing to *Burton*, our Supreme Court recently reaffirmed that "when a plaintiff fails to strictly comply with the notice waiting period under MCL 600.2912b, his or her prematurely filed complaint fails to commence an action that tolls the statute of limitations." *Driver v Naini*, 490 Mich 239, 256; 802 NW2d 311 (2011).[3] Irrespective of the language used in the relevant statutes, it therefore remains binding precedent that a prematurely filed complaint does not commence a medical malpractice action or toll the running of the limitations period.

Nevertheless, plaintiff argues that she should be permitted to amend her complaint pursuant to precedent from this Court. In *Zwiers v Growney*, 286 Mich App 38; 778 NW2d 81 (2009), the plaintiff inadvertently filed her complaint and affidavit of merit 181 days after serving her notice of intent, rather than the required 182 days. The record in that case revealed that the plaintiff's counsel had done so in good faith and purely by accident, and the prematurity had absolutely no

---

[3] *Driver* involved an untimely notice of intent given to a nonparty the plaintiffs sought to add as a party after the limitations period had expired; the plaintiffs sought to amend the notice to date back to the timely notice they had provided to the other defendants. Our Supreme Court held that the plaintiffs could not do so because the claim was already time-barred as to the nonparty the plaintiffs sought to add.

adverse effect on the defendants or on any of the purposes MCL 600.2912b was intended to accomplish, e.g., it did not increase costs or interrupt settlement negotiations. *Id.* at 41, 49-51. This Court concluded that dismissing the case "would fly directly in the face of the Legislature's intent to have injured parties receive compensation for *meritorious* claims." *Id.* at 49. In reliance on *Bush*, this Court concluded that, because no substantial right of the defendants was affected and resolving the matter on its merits was in the interests of justice, and because MCL 600.2301 was applicable to the entire notice process, see *Bush*, 484 Mich at 176-178, the plaintiff was entitled to amend the filing date of the complaint and affidavit of merit pursuant to MCL 600.2301.

In *Driver*, 490 Mich at 254, our Supreme Court explained that "MCL 600.2301 only applies to actions or proceedings that are *pending.*" Although an untimely complaint cannot commence an *action*, the *proceedings* here are underway. In *Driver*, the plaintiffs were barred from the initial step of the proceedings of filing the notice of intent, whereas here, there is no dispute that the notice of intent was proper. The dissent apparently concludes that MCL 600.2301 cannot apply because no *action* was underway. We disagree: MCL 600.2301 cannot be used to create a filing out of whole cloth, but no such bootstrapping would occur here, where all the requisite documents actually exist. In any event, MCL 600.2301 merely affords plaintiff the opportunity to make an argument. We see no value in attempting, on this record, to determine whether defendants' substantial rights would truly be invaded if they are ultimately required to address the merits of the claim instead of relying on legal technicalities to avoid doing so. As we discuss, whether amendment would further the inter-

ests of justice or prejudice defendants is a question to be put to the trial court's discretion on remand.

Notably, the applicability of *Zwiers* to the instant case is unclear. Most glaringly, the plaintiff in *Zwiers* filed an action that was prematurely filed by a single day, whereas here, the prematurity was 70 days. Defendants correctly point out that plaintiff's complaint was too soon even for the shortened 154-day period afforded to medical malpractice defendants to provide a written response to the plaintiff. MCL 600.2912b(7). A plaintiff may commence suit immediately upon the expiration of those 154 days if the defendant has failed to provide that written response. MCL 600.2912b(8). It is not clear from the record whether any of the defendants filed such a response; nevertheless, plaintiff's prematurity in this case is vastly more egregious than that in *Zwiers*. Again, the present record simply does not provide us with any basis for evaluating whether defendants' substantial rights were actually affected by the premature filing. See *Zwiers*, 286 Mich App at 50-51.

The record likewise does not show whether plaintiff made a good-faith attempt to comply with MCL 600.2912b. See *Bush*, 484 Mich at 178. It can reasonably be presumed that very few attorneys would deliberately scuttle a client's case. Furthermore, there is no indication in the record that plaintiff's attorney filed the complaint prematurely on the belief that doing so would achieve some manner of tactical advantage. In short, the record in *Zwiers* showed good faith on the part of the plaintiff; the record here is silent on that point—one way or the other.

We conclude that if a complaint that is filed one day prematurely may be amended pursuant to MCL 600.2301, then it is not possible to foreclose out of hand the possibility that an action that is filed prematurely

by 70 days may also be amended pursuant to MCL 600.2301. Whether such amendment can, and therefore should, be granted in any particular case will, of course, depend on an evaluation of the specific facts and circumstances of each case. In particular, the court must examine whether the party seeking amendment lacked good faith and whether the party opposing amendment will suffer prejudice that cannot be remedied by a lesser sanction than dismissal. That evaluation must initially be made by the trial court after the parties have had an opportunity to be heard on the question.

In interpreting a predecessor statute to MCL 600.2301, our Supreme Court explained that the purpose of the statute was "to abolish technical errors in proceedings and to have cases disposed of as nearly as possible in accordance with the substantial rights of the parties," that the statute should be construed liberally, and that the "right to permit amendments, in accordance with the statute, is vested in the sound judgment and discretion of the trial court." *M M Gantz Co v Alexander*, 258 Mich 695, 697; 242 NW 813 (1932). The failure to exercise discretion when called on to do so is inherently an abuse of discretion. *People v Stafford*, 434 Mich 125, 134 n 4; 450 NW2d 559 (1990). On this record, we are unable to determine whether plaintiff can make the requisite showing, and we decline to make any presumptions. We therefore conclude that on the basis of both *Zwiers* and the purpose behind MCL 600.2301, the trial court erred by failing to at least consider the possibility of allowing plaintiff to amend her complaint and afford plaintiff the opportunity to present an argument.

The trial court correctly determined that, all other matters being equal, dismissal with prejudice was the only possible outcome of this matter. However, plaintiff

should be afforded the opportunity to make an argument in support of amending the filing date of her complaint and affidavit of merit, including the presentation of evidence should the trial court deem doing so appropriate,[4] and the trial court should exercise its discretion by either granting or denying that amendment pursuant to MCL 600.2301 and *Zwiers*. We therefore reverse the grant of summary disposition in favor of defendants and remand for further proceedings consistent with this opinion and as the trial court deems necessary or proper. We do not retain jurisdiction. Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219.

STEPHENS, J., concurred with RONAYNE KRAUSE, JJ.

WILDER, P.J. (*dissenting*). I respectfully dissent from the majority opinion, which reverses the trial court's order granting summary disposition in favor of defendants and remands for further proceedings on the basis of *Zwiers v Growney*, 286 Mich App 38; 778 NW2d 81 (2009), and MCL 600.2301. Because *Burton v Reed City Hosp Corp*, 471 Mich 745; 691 NW2d 424 (2005), and *Driver v Naini*, 490 Mich 239; 802 NW2d 311 (2011), continue to be binding on this Court, I would affirm.

I

MCL 600.2912b(1) "unequivocally provides" that a plaintiff " 'shall not' commence an action alleging medical malpractice . . . until the expiration of the statutory notice period." *Burton*, 471 Mich at 752. As the majority recognizes, even though a defective notice of intent (NOI) tolls the applicable limitations period, *Bush v*

---

[4] Obviously, defendants are equally entitled to present their own arguments and, as applicable, evidence on this matter.

*Shabahang*, 484 Mich 156, 170; 772 NW2d 272 (2009), a prematurely filed complaint does not toll the period of limitations, *Burton*, 471 Mich at 752. Our Supreme Court in *Driver*, 490 Mich at 257-258, found no conflict with these parameters and found that *Burton* is still good law:

> Nothing in *Bush* altered our holding in *Burton*. The central issue in *Bush* involved the effect an NOI had on tolling when the NOI failed to comply with the *content* requirements of MCL 600.2912b(4). The central issue in *Burton* involved the effect the plaintiff's failure to comply with the *notice-waiting-period* requirements had on tolling. Indeed, the *Bush* Court repeatedly emphasized that the focus of MCL 600.5856(c) is compliance with the notice waiting period set forth in MCL 600.2912b. In contrast to placing doubt on the viability of *Burton*, this aspect of *Bush* aligned with *Burton's* holding that a plaintiff must comply with the notice waiting period to ensure the complaint tolls the statute of limitations.

Plaintiff filed her complaint and affidavit of merit in this case only 112 days after serving the notices of intent on defendants in contravention of MCL 600.2912b(1), which requires that a plaintiff wait at least 182 days before "commenc[ing]" an action.[1] Thus, I would find that we are bound to conclude that plaintiff's action was not properly commenced. MCL 600.2912b(1); *Burton*, 471 Mich at 752.

Further, I disagree with the majority's conclusion that defendants waived, or even could have waived, an affirmative defense that plaintiff's complaint was prematurely filed. In its order in *Auslander v Chernick*, 480 Mich 910; 739 NW2d 620 (2007), the Supreme Court concluded that a defendant can still raise the issue of a plaintiff failing to comply with MCL 600.2912b irre-

---

[1] Certain conditions can reduce this waiting period. See, e.g., MCL 600.2912b(3) and (7).

spective of whether the defendant properly asserts it. Because the order in *Auslander* is also binding on this Court, see *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369-370; 817 NW2d 504 (2012), I would further conclude that defendants did not waive their affirmative defenses that the instant medical malpractice action was not properly commenced.

II

The majority also reverses and remands on the basis of this Court's ruling in *Zwiers*, 286 Mich App 38 and MCL 600.2301. I disagree with this disposition. Although not a medical malpractice statute, MCL 600.2301 does apply to medical malpractice actions because it applies where "*any* action or proceeding is pending." (Emphasis added.) The statute provides in full:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

Thus, "MCL 600.2301 only applies to actions or proceedings that are *pending*." *Driver*, 490 Mich at 254. The Supreme Court concluded in *Driver* that MCL 600.2301 was inapplicable under the facts of that case because, since "an NOI is part of a medical malpractice 'proceeding' " and the applicable limitations period had already expired by the time the defendant was served with the NOI, there was no existing "proceeding" in that case. *Id.* The Court noted that the NOI could not

have been part of any "proceeding" because plaintiff's claim was already time-barred when plaintiff served the NOI. *Id.*

Applying the Supreme Court's analysis in *Driver* to the facts in this case, plaintiff's complaint cannot be resurrected under MCL 600.2301. I agree that at the time plaintiff properly served NOIs to defendants, a *proceeding* was pending to which MCL 600.2301 would have been applicable. However, the limitations period expired without commencement of a medical malpractice action because plaintiff's complaint was filed prematurely. Since " '[a]n action is not "pending" if it cannot be [or was not] "commenced," ' " *id.*, there was no *action* pending in the trial court to which MCL 600.2301 could be retroactively applied. Moreover, retroactive application of MCL 600.2301 would affect defendant's substantial rights because defendant would be "denied its right to a statute-of-limitations defense," which is plainly contrary to, and not in furtherance of, the Legislature's intent in enacting MCL 600.2912b. *Id.* at 255.[2]

In this regard, this Court's holding in *Zwiers*, 286 Mich App 38, is significantly undermined by our Supreme Court's later decision in *Driver*. In *Zwiers*, the plaintiff timely filed her NOI but had inadvertently filed her complaint 181 days after serving the NOIs on the defendants instead of the statutorily prescribed 182 days. *Id.* at 39. The trial court granted the defendants' motion for summary disposition on the basis that the complaint failed to commence the action and toll the

---

[2] Thus, even assuming the expiration of the limitations period did not also extinguish the proceeding which commenced with the filing of the NOI, any amendment of plaintiff's complaint in an attempt to retroactively meet the requisite limitations period would also affect defendant's substantial rights by depriving it of a valid statute of limitations defense, such that MCL 600.2301 would be inapplicable.

limitations period. *Id*. at 40. Finding that no substantial right of the defendants was affected, that resolving the case on the merits was in the interests of justice, and that MCL 600.2301 was applicable to the entire notice process, the *Zwiers* Court found that under MCL 600.2301, the plaintiff was entitled to amend the filing date of the complaint and affidavit of merit. *Id*. at 50-52.

*Zwiers* was undermined by the Supreme Court's subsequent decision in *Driver* for several reasons. First, because the plaintiff in *Zwiers* prematurely filed her complaint, no *action* was commenced by the plaintiff before the limitations period expired, and therefore, no *action* was ever pending such that the trial court would be authorized under MCL 600.2301 to permit an amendment of the complaint by which plaintiff attempted to commence the action. *Driver*, 490 Mich at 254. Second, *Driver's* holding, that a statute of limitations defense is a substantial right to which a defendant is entitled, contradicts the finding in *Zwiers* that no substantial right of the defendants was affected by permitting the filing of an amended complaint pursuant to MCL 600.2301.[3]

For the reasons stated herein, I respectfully dissent and would affirm the trial court's order granting summary disposition in favor of defendants.

---

[3] Notably, unlike the Supreme Court in *Driver*, the *Zwiers* Court did not address the impact of the defendants' right to a statute of limitations defense on the trial court's ability to utilize MCL 600.2301 to resurrect the plaintiff's cause of action; instead, it only focused on the fact that "[t]here was no evidence of interrupted settlement negotiations on the date of filing[] and [that the] defendants had the time and opportunity to investigate plaintiff's allegations as evidenced by defendants' response to plaintiff's NOI under MCL 600.2912b(7)." *Zwiers*, 286 Mich App at 51.