VIVIANO, J.
(concurring in part and dissenting in part). Two steps forward, one step back. That is how I *95 would describe today’s decision. Although it satisfactorily resolves the first issue in these appeals, the Court inexplicably leaves unresolved a compelling threshold issue raised by the plaintiff in Tyra v Organ Procurement Agency of Mich: if she is to be held to procedural requirements, so should defendants. More specifically, plaintiff[1] argued in the trial court that defendants waived the MCL 600.2912b notice-waiting-period affirmative defense because they failed to adequately plead it under MCR 2.111(F)(3). The Court of Appeals found merit in this argument, but determined that it was bound by Auslander v Chernick, 480 Mich 910 (2007), an order from this Court relieving defendants in medical malpractice cases from pleading affirmative defenses in response to complaints that failed to comply with statutory prerequisites. Tyra v Organ Procurement Agency of Mich, 302 Mich App 208, 211-220; 850 NW2d 667 (2013). After initially requesting oral argument on this issue, the Court now holds in Part III(B) of the majority opinion that plaintiff “abandoned” this argument. I dissent from this part of the Court’s opinion. I would address the merits of plaintiffs claim that defendants’ affirmative defenses were inadequate under MCR 2.111(F)(3) and, in so doing, would reject defendants’ argument that they are exempted from pleading the § 2912b affirmative defense under Aus-lander.
I. ISSUE ABANDONMENT
The majority holds that plaintiff “abandoned” her affirmative defense argument because she failed to appeal this aspect of the Court of Appeals decision and *96 failed to file an answer to defendants’ applications for leave to appeal. Both are true, but irrelevant and certainly no reason for the Court to take a pass on this issue.
First, plaintiffs failure to file a cross-appeal is a red herring. Having obtained a favorable decision in the Court of Appeals, plaintiff is not required—under the threat of “abandonment”—to file a separate application in order to press an alternative ground for affirmance. Middlebrooks v Wayne Co, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994) (“A cross appeal was not necessary to urge an ‘alternative ground for affirmance.’ ”). Contrary to the majority’s implication, any decision holding that defendants waived the notice-waiting-period affirmative defense would not result in an outcome more favorable to plaintiff than that rendered by the Court of Appeals. Both holdings would result in a remand to the trial court for further proceedings.
Second, plaintiffs failure to file a written answer to defendants’ applications is irrelevant. Our orders in this case specifically stated, “We direct the Clerk to schedule oral argument on whether to grant the application or take other action. At oral argument, the parties shall address . . . whether the [defendants’] affirmative defenses were defective because they did not specifically state the grounds for the defense.” Tyra v Organ Procurement Agency of Mich, 856 NW2d 69, 70 (2014) (citation omitted; emphasis added). Plaintiff did exactly what was requested of her by this Court: plaintiffs counsel attended oral argument on defendants’ applications and argued that defendants’ affirmative defenses were inadequate and that Auslander was incorrectly decided. It is a perversity of the “abandonment” doctrine for this Court to avoid a preserved issue argued at the time and place directed by the *97 Court. In these circumstances, plaintiff has primed the appellate pump sufficiently for us to address the issue.[2]
II. ADEQUACY OF DEFENDANTS’ AFFIRMATIVE DEFENSES
Plaintiff argues that defendants’ affirmative defenses were inadequate to put her on notice that she failed to comply with the notice-waiting-period requirement of MCL 600.2912b. Michigan’s pleading standard is codified in MCR 2.111. With respect to pleading affirmative defenses, MCR 2.111(F)(3) provides that “a party must state the facts constituting” an affirmative defense. An affirmative defense is adequate under MCR 2.111(F)(3) as long as it reasonably apprises the plaintiff of the nature of the defense such that the plaintiff can take a responsive position. Hanon v Barber, 99 Mich App 851, 856; 298 NW2d 866 (1980); Ewing v Heathcott, 348 Mich 250, 255; 83 NW2d 210 (1957). Put differently, an affirmative defense must be stated in sufficient factual detail to give the plaintiff fair notice of the defensive issues that the defendant will raise in the litigation.
With this standard in mind, and turning to the affirmative defenses alleged in this case, defendant Organ Procurement Agency of Michigan’s (OPA) Affirmative Defense No. 11 stated:
11. Plaintiff failed to comply with the notice provisions of MCL 600.2912b; MSA 27A.2912b and that Plaintiffs *98 action is thus barred; Defendant gives notice that it will move for summary disposition.
This defense certainly could have been more factually precise.[3] However, I am persuaded that it was specific enough to satisfy the pleading standard of MCR 2.111(F)(3). Affirmative Defense No. 11 alleged that plaintiff failed to comply with the “notice” provisions of § 2912b. Generally speaking, there are two ways in which a plaintiff can fail to comply with the notice requirements of § 2912b: timing or content. Here, it was clear that OPA was specifically referring to timing because, in the very next affirmative defense, OPA alleged a content deficiency. Affirmative Defense No. 12 alleged, “Plaintiff’s claims are barred for failing to provide adequate information in her Notice of Intent as required by MCL 600.2912b.” OPA’s Affirmative Defense No. 11, when read in the context of the content-deficiency defense raised next, was sufficient to apprise plaintiff that the timing requirement of § 2912b was not satisfied and, thus, was sufficient to permit plaintiff to take a responsive position. See Hanon, 99 Mich App at 856 (“The primary function of a pleading is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position.”) (quotation marks and citations omitted). I would, therefore, hold that OPA’s affirmative defense was adequate under MCR 2.111(F)(3).[4]
In contrast to OPA’s affirmative defense, the affirmative defense alleged by defendants Steven Cohn, *99 M.D., and William Beaumont Hospital (collectively, the Beaumont defendants) was plainly inadequate. Their Affirmative Defense No. 4 stated:
4. If necessary, Defendants assert all of the benefits of the provisions set forth in Michigan’s tort Reform Acts of 1986, 1993, and 1995 regarding non-economic caps, offsets, reduction to present value, offsets for collateral payments, such as insurance, social security, etc., and any other damage reduction deemed applicable by the Michigan Appellate Courts in interpretation of these statutes.
In alleging everything, the Beaumont defendants alleged nothing at all. See Dacon v Transue, 441 Mich 315, 330; 490 NW2d 369 (1992). Together, the four tort reform acts cited by the Beaumont defendants amended or added 90 statutory sections. See 1995 PA 249; 1995 PA 161; 1993 PA 78; 1986 PA 178. Global allegations like this do not provide reasonable notice to a plaintiff of how, why, or to what extent his or her cause of action is barred. It does not indicate the nature of the defense under MCL 600.2912b—indeed, it fails to mention the statute at all. Given this, it is virtually impossible for a plaintiff to take a responsive position to such a broad allegation as that set forth in Affirmative Defense No. 4.[5] For this reason, the Beaumont defendants’ affirmative defense was inadequate under MCR 2.111(F)(3) and should be deemed waived.
The Beaumont defendants argue that this Court should nevertheless affirm the trial court’s grant of summary disposition in their favor because, under our decision in Auslander, they were not obligated to raise *100 the affirmative defense in the first place.[6] Indeed, the Court of Appeals was poised to hold that defendants waived their affirmative defenses, but stopped short of reversing the trial court because it was bound by our order in Auslander. Under no similar obligation to follow incorrectly decided cases from this Court, and seeing no basis in law or logic justifying Auslander, I would reject defendants’ argument and overrule Aus-lander.
III. THE VALIDITY OF AUSLANDER
In Auslander, this Court held that medical malpractice defendants have no obligation to plead affirmative defenses in response to a complaint that failed to comply with statutory prerequisites. Our decision consisted of adopting the unpublished Court of Appeals dissenting opinion, which stated in relevant part: “I conclude that defendants were never required to raise or plead their asserted defenses in the first instance because this medical malpractice action was never properly commenced.” Auslander v Chernick, unpublished opinion per curiam of the Court of Appeals, issued May 1, 2007 (Docket No. 274079) (JANSEN, J., dissenting), p 1.
Any discussion of Auslander should begin with a description of what it actually is: an exception to the general rule. In Michigan, the general rule is that affirmative defenses must be raised in the responsive *101 pleading or they are waived. MCR 2.111(F)(3) (“Affirmative defenses must be stated in a party’s responsive pleading. . . .”); Walters v Nadell, 481 Mich 377, 389; 751 NW2d 431 (2008). An “affirmative defense” is a defense that does not refute the plaintiffs case on the merits, but which otherwise seeks to deny relief to the plaintiff for reasons unrelated to the plaintiffs prima facie case. See Campbell v St John Hosp, 434 Mich 608, 616; 455 NW2d 695 (1990). Asserting noncompliance with § 2912b—or any statutory precondition—does just that by alleging that the plaintiff is not entitled to relief based on his or her failure to comply with a procedural prerequisite. Therefore, this defense must be pleaded in a responsive pleading under the plain language of our court rules. MCR 2.111(F)(3).
Auslander stands for the broad proposition that if a complaint is ineffective at commencing the action, the defendant has no obligation to file affirmative defenses, or an answer for that matter. The legal basis for the Auslander exception was our holding in Burton v Reed City Hosp Corp, 471 Mich 745; 691 NW2d 424 (2005), and other cases that a complaint filed in noncompliance with statutory prerequisites does not commence an action. Auslander (JANSEN, J., dissenting), unpub op at 1, citing Scarsella v Poliak, 461 Mich 547, 549-550; 607 NW2d 711 (2000) (“[T]he mere tendering of a complaint without the required affidavit of merit is insufficient to commence [a medical malpractice] lawsuit.”) (quotation marks and citation omitted). Burton’s holding dealt with a question of substantive law: what is the legal effect of filing a complaint in contravention of a statutory requirement? And as a matter of substantive law, Burton’s answer is not unsound: a complaint that violates the requirement in MCL 600.2912b(l) that “a person *102 shall not commence an action” without complying with the notice waiting period cannot, as a matter of law, commence the action.
Auslander extended Burton’s logic into the procedural realm on the assumption that, if an action is defective as a matter of substantive law, that necessarily relieves a defendant from its procedural obligations. The basic legal flaw of Auslander is that it conflates substantive rules of law with procedural rules for enforcing those substantive legal standards. Under Auslander’s circular reasoning, a defendant is relieved of its obligation to allege and establish that a complaint is legally deficient because the complaint is legally deficient.
Although an action may be subject to attack because it was not commenced in compliance with a statutory prerequisite, the consequences that might flow from the failure to comply with the prerequisite are not self-executing. Our decision in Saffian v Simmons, 477 Mich 8; 727 NW2d 132 (2007), recognized as much. In that case, the defendant failed to respond to the plaintiffs complaint, which was accompanied by a defective affidavit of merit. In moving to set aside a subsequent default judgment, the defendant argued that he could not be defaulted because, since the plaintiffs affidavit of merit was defective, he never had an obligation to respond to the complaint. We rejected this argument and its underlying premise that our statutes and court rules permit defendants to unilaterally determine whether a plaintiffs pleading is adequate. Id. at 13. Instead, we said, “it is the court’s province to determine the sufficiency of pleadings, not a defendant’s.” Id., citing Saffian v Simmons, 267 Mich App 297, 312; 704 NW2d 722 (2005) (ZAHRA, P.J., concurring in part and dissenting in part).
*103 The same reasoning should apply to the notice-waiting-period prerequisite of § 2912b, or any statutory precondition for that matter. A defendant might think a complaint filed before the 182-day mark has been filed prematurely, but that determination is ultimately a legal question that must be resolved by the trial judge.[7] In order to facilitate orderly resolution of these legal issues, our court rules require parties to answer complaints and assert applicable affirmative defenses. As we said in Saffian'.
[T]his more orderly process of honoring the presumption of the validity of pleadings, requiring an answer, and then allowing the defendant to challenge the affidavit reduces the chaotic uncertainty that allowing the defendant to decline to answer would introduce. [Also], this rule advances the efficient administration of justice because to allow defendants to nitpick plaintiffs’ affidavits and, upon discovering an imperfection, to decline to answer surely leads, as it did here, to challenged default judgments and the hearings those entail. On the other hand, no such hearings are necessitated if the procedure is to require an answer and then a motion by the defendant to challenge the affidavit. This approach will conserve judicial resources and is advisable for that reason. [Id. at 14.][8]
*104 Auslander’s uncritical extension of Burton’s legal rule into the procedural realm failed to appreciate the difference between law and procedure. For example, the statute of limitations affirmative defense involves the legal determination that a complaint was filed outside a statutorily designated period of time for filing a complaint. MCL 600.5805(1) provides that “[a] person shall not bring or maintain an action . . . unless . . . the action is commenced within the periods of time prescribed by this section.” The language of § 5805(1) and § 2912b(l) (and similar medical malpractice provisions) are materially identical—each prohibits a party from bringing an action unless certain conditions are satisfied. By Auslander’s logic, a complaint filed after the expiration of the statute of limitations is ineffective at “commencing” the action and, therefore, defendants should have no obligation to assert the statute of limitations affirmative defense at all. Yet, by court rule and caselaw, defendants are required to raise the statute of limitations defense in their first responsive pleading or else it is waived. See MCR 2.111(F)(3)(a); Walters, 481 Mich at 389.
By deviating from the accepted rule of requiring defendants to properly plead and prove legal defects in a plaintiffs filing, Auslander essentially elevates compliance with statutory prerequisites to the echelon of *105 “lack of jurisdiction,” a defense that is not subject to the raise-or-waive rule. And in this respect, Auslander is in tension with our decision 40 years ago that a similar notice-of-intent-to-sue requirement before filing suit was not jurisdictional. See Lisee v Secretary of State, 388 Mich 32, 41-42; 199 NW2d 188 (1972). Indeed, the Court of Appeals has held that “[the] [p]laintiffs failure in this particular case to comply with the notice requirement [of § 2912b] before commencing suit did not divest the circuit court of subject-matter jurisdiction.” Neal v Oakwood Hosp Corp, 226 Mich App 701, 708; 575 NW2d 68 (1997).
There is a fundamental tension between Auslander and the established rules that presuit notice requirements are not jurisdictional and that affirmative defenses must be pleaded or they are waived. This tension must be resolved in favor of the established rules, lest we invite the chaos that would ensue if Auslander’s rule were actually followed. As the Court of Appeals in Saffian put it:
[T]o rule as defendant urges would create the opportunity for defendant to knowingly foster the running of the limitations period by ignoring a lawsuit and then simply bypass the default by attacking the affidavit of merit [or timeliness of the complaint], depriving plaintiff of the legitimate opportunity to cure a defect if attacked in an answer or affirmative defense. A defendant would suffer no adverse consequences if a postdefault attack on the affidavit [or complaint] were successful. In the meantime, a plaintiff’s claim is laid to rest as the limitation period expires. [Saffian, 267 Mich App at 307.]
I would overrule Auslander as a wrongly decided, unnecessary incongruity in our law. As far as stare decisis goes, if “not all precedents are built alike,” McCormick v Carrier, 487 Mich 180, 277; 795 NW2d 517 (2010) (MArkman, J., dissenting), then Auslander’s *106 foundation is weaker than most. It was an order entered without the benefit of briefing and argument; its reasoning consisted of adopting a short, unpublished dissenting opinion of the Court of Appeals; and the proposition it announced was unsupported by any citation of authority. Moreover, Auslander is a jurisprudential fish out of water, incompatible with the legal environment within which it exists, including: MCR 2.111(F)(3); MCR 2.603(A)(1); Neal, 226 Mich App at 708; Lisee, 388 Mich at 41-42; Walters, 481 Mich at 389; Saffian, 477 Mich at 13. It is a testament to its practical unworkability and lack of reliance interests that, despite Auslander’s purported authorization, defendants continue to follow our court rules and statutes by filing answers and affirmative defenses. See Robinson v Detroit, 462 Mich 439, 464; 613 NW2d 307 (2000) (stating that two relevant considerations under the doctrine of stare decisis are: “whether the decision at issue defies ‘practical workability,’ [and] whether reliance interests would work an undue hardship”). Furthermore, Auslander has been undermined by a 2010 amendment of MCR 2.112(L)(2)(a), requiring that “all challenges to a notice of intent to sue ... be made by motion, filed pursuant to MCR 2.119, at the time the defendant files its first response to the complaint, whether by answer or motion [.]” See Robinson, 462 Mich at 464 (stating that another relevant consideration under the doctrine of stare decisis is “whether changes in the law or facts no longer justify the questioned decision”). A decision so contrary to the jurisprudential tide as Auslander can only hold on so long before it gives way to the undertow. Today the Court missed an opportunity to formally unmoor Aus-lander and give it the ceremonial burial at sea that it deserves.
*107 IV. CONCLUSION
In this case, I would craft a simple, yet symmetrical, rule of law: Plaintiffs will be strictly held to the statutory waiting-period requirement; so too, defendants will be required to put plaintiffs on notice of the factual basis of their affirmative defenses. In other words, I would hold defendants to the same standard we hold plaintiffs: compliance with their procedural obligations under our rules. Because I do not agree with the majority’s decision to sidestep this issue, I respectfully dissent from Part III(B) of the majority opinion.[9]
McCormack and Bernstein, JJ., concurred with Viviano, J.

 References in this opinion to “plaintiff’ are to Lisa Tyra, and references to “defendants” are to the Organ Procurement Agency of Michigan, Steven Cohn, and William Beaumont Hospital.

 Even if it were true, as the majority says, that plaintiff’s failure to file a written response has left us ill-equipped to address this issue, there is a simple solution: enter an order granting defendants’ applications and require the parties to file briefs on this question. At least then this case would be analogous to the one relied on by the majority. See Wayne Co Employees Retirement Sys v Wayne Charter Co, 495 Mich 983 (2014) (granting leave to appeal after hearing oral argument on the application), cited ante at 89.

 For instance, in the companion case, Furr v McLeod, the Furr defendants alleged, “Plaintiffs failed to wait 182 days after serving their Notice of Intent before filing suit in contravention of MCL 600.2912b.”

 In coming to the opposite conclusion and opining that the affirmative defense “pertained to the notice itself, as distinct from the notice period,” Tyra, 302 Mich App at 215, the Court of Appeals overlooked that OPA alleged a separate affirmative defense pertaining to the notice itself.

 In fact, when asked at oral argument whether their affirmative defense was sufficient to put plaintiff on notice, counsel for the Beaumont defendants conceded, “no, it was not.”

 Defendants also claim that the trial court granted a constructive amendment of their affirmative defenses. However, as the Court of Appeals pointed out, there is no indication that the trial court or the parties believed that any such constructive amendment occurred. Tyra, 302 Mich App at 217. Accepting this argument under these circumstances would improperly usurp the trial court’s discretionary authority to grant leave to amend a pleading “when justice so requires.” MCR 2.118(A)(2).

 That determination is not always clear-cut given that plaintiffs may rightfully be able to file suit after 91 days or 154 days depending on the facts of the case. See MCL 600.2912b(3) and (8).

 I acknowledge that Saffian, arguably in dicta, distinguished between a defective affidavit of merit and no affidavit of merit. Saffian, 477 Mich at 13-14. I further acknowledge that, in rejecting the defendant’s reliance on our decision in Scarsella, we said, “In Scarsella, we concluded that a medical malpractice complaint not accompanied by an affidavit of merit does not ‘commence’ a medical malpractice cause of action and thus the defendant need not file an answer to preclude a default.” Id. at 13 (citation omitted; emphasis added]. However, this was a misreading of our decision in Scarsella. We did not say in Scarsella that defendants were relieved of their obligation to file an answer. All that Scarsella held was that, as a substantive matter of law, failure to file a complaint along with an affidavit of merit does not “commence” an *104 action or toll the running of the period of limitations. See Scarsella, 461 Mich at 549 (“We therefore conclude that, for statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit.”) (quotation marks and citation omitted). Auslander—which itself involved the failure to file an affidavit of merit—reflects an exacerbation of Saffian’s error. See Auslander (Jansen, J., dissenting), unpub op at 1, citing Scarsella, 461 Mich at 549-550. Thus, to the extent Auslander is based on the same misreading of Scarsella that the Saffian Court committed, it is based on a misinterpretation of our caselaw.

 Specifically, I join the majority opinion in full as it relates to Furr. I also agree that the trial court correctly granted summary disposition in favor of Organ Procurement Agency. However, as it relates to the Beaumont defendants, I would affirm the Court of Appeals on alternative grounds and remand for further proceedings consistent with this opinion.