JESPERSON v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 315942. Submitted July 6, 2014, at Detroit. Decided September 16, 2014, at 9:00 a.m. Leave to appeal sought.

Alan Jesperson initially brought an action in the Macomb Circuit Court against Matthew Badelalla, Mary Basha, and Jet's Pizza, seeking damages for injuries he sustained in a motor vehicle accident on May 12, 2009. While stopped, Jesperson's motorcycle was struck from behind by a vehicle owned by Basha and driven by Badelalla while Badelalla was delivering pizza for Jet's. On June 2, 2010, Auto Club Insurance Association was notified of Jesperson's injuries and that it was the highest-priority no-fault insurer. Auto Club began making payments to Jesperson on July 23, 2010. On December 1, 2010, Jesperson filed suit against Badelalla, Basha, and Jet's. The court, Mark S. Switalski, J., entered a default judgment against Badelalla and Basha after they failed to respond. Jesperson later moved to amend his complaint to add a claim against Auto Club after Auto Club stopped paying benefits to him. The court entered an order allowing the amendment and subsequently entered an order severing Jesperson's claims for trial. A jury returned a verdict of no cause of action with regard to Jesperson's claims against Jet's. Auto Club then moved for summary disposition, arguing in part that Jesperson's claim against it was barred by the statute of limitations provision in MCL 500.3145(1). Jesperson asserted in response that Auto Club had waived the statute of limitations defense. The court granted summary disposition in favor of Auto Club, but did not specifically decide the issue of waiver. The court denied Jesperson's motion for reconsideration. Jesperson appealed.

The Court of Appeals *held*:

1. MCL 500.3145(1) states that an action for recovery of personal protection insurance benefits may not be commenced later than one year after the date of the accident causing the injury unless written notice of injury has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If notice has been given or a payment has been made, the action may be commenced at any time within one year after the most

recent allowable expense, work loss, or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than one year before the date on which the action was commenced. As used in MCL 500.3145(1), "previously" means previous to one year after the date of the accident causing the injury. Therefore, for the second exception to the statute of limitations set forth in MCL 500.3145(1) to apply, a payment of personal protection insurance benefits must have been made within one year of the accident. To hold, as Jesperson contrarily suggested, that a payment only had to be made before the filing of the claim, would have rendered an absurd result by allowing even decades-old claims to be asserted in contravention of the legislative purpose of the no-fault act: to protect against stale claims and protracted litigation.

2. A party generally must raise an affirmative defense in his or her first responsive pleading or it is waived, but leave to amend pleadings should be freely granted to a nonprevailing party at summary disposition unless amendment would be futile or otherwise unjustified. In this case, Auto Club cited MCL 500.3145(1) as an affirmative defense in its first responsive pleading, but specifically referred to the one-year-back provision contained in that statute and not the statute of limitations. But had the trial court found that Auto Club failed to plead the statute of limitations defense with sufficient clarity, it could have granted Auto Club leave to amend the pleading, in which case the result would have been the same: the limitations period of MCL 500.3145(1) barred Jesperson's claim. Given the interest of judicial efficiency, there was no need to remand the case for the trial court to specifically allow amendment of the pleading, and Auto Club did not waive the statute of limitations. Because Jesperson filed his claim for first-party no-fault benefits more than one year after the date of the accident, neither exception to the one-year period of limitations set forth in MCL 500.3145(1) was applicable, and the statute of limitations defense was not waived; Jesperson's claim was barred.

Affirmed.

SERVITTO, J., dissenting, would have reversed the trial court's grant of summary disposition in favor of Auto Club and remanded for further proceedings. Under MCR 2.111(F)(3), a party must state the facts constituting an affirmative defense in its responsive pleading. In this case, Auto Club failed to plead the statute of limitations provision contained in MCL 500.3145(1) as an affirmative defense. Given that there is more than one provision set forth in the applicable statute and Auto Club specifically referred to only one of those statutory provisions in its list of affirmative defenses, the statutory reference in

Auto Club's list of affirmative defenses did not apprise Jesperson that Auto Club intended to rely on any provision other than the one specifically referred to. And, as a result, Jesperson was not able to take a responsive position to those provisions that were not referred to. Any affirmative defense that was dependent on those other provisions was therefore waived. While the trial court could have allowed Auto Club to amend its pleadings, there was no indication in the record that it did so. Because Auto Club did not assert the statute of limitations defense set forth in MCL 500.3145(1) in its first responsive pleading or an amended pleading, Auto Club waived that defense and the trial court erred by granting summary disposition in Auto Club's favor.

INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — AFFIR-
MATIVE DEFENSES — STATUTE OF LIMITATIONS — EXCEPTIONS — PAYMENT
OF BENEFITS.

MCL 500.3145(1) states that an action for recovery of personal protection insurance benefits may not be commenced later than one year after the date of the accident causing the injury unless written notice of injury has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury; if notice has been given or a payment has been made, the action may be commenced at any time within one year after the most recent allowable expense, work loss, or survivor's loss has been incurred; however, the claimant may not recover benefits for any portion of the loss incurred more than one year before the date on which the action was commenced; for the second exception to the statute of limitations set forth in MCL 500.3145(1) to apply, a payment of personal protection insurance benefits must have been made within one year after the accident.

*The Law Offices of Michael J. Morse, PC* (by *Michael J. Morse, Eric M. Simpson, Lewis A. Melfi,* and *Meaghan B. McKay*), for Alan Jesperson.

*Secrest Wardle* (by *Brian E. Fischer* and *Drew W. Broaddus*) for Auto Club Insurance Association.

Before: BOONSTRA, P.J., and METER and SERVITTO, JJ.

BOONSTRA, P.J. In this action for unpaid first-party no-fault benefits, plaintiff appeals as of right the Feb-

ruary 19, 2013 order of the trial court granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(7). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On May 12, 2009, Matthew Badelalla, an employee of Jet's Pizza, was driving a 1993 Toyota Camry owned by his mother, Mary Basha, while delivering pizzas. Plaintiff was operating a motorcycle, and stopped on 18 Mile Road at an intersection with Mound Road in Sterling Heights. While stopped, plaintiff's motorcycle was struck from behind by Badelalla's slow-moving vehicle. The impact caused plaintiff's motorcycle to fall to plaintiff's left side. Plaintiff jumped off of the motorcycle and was able to land on his feet without falling to the ground. His motorcycle suffered $2,000 in damage, but was still drivable. Plaintiff reported no injuries, received no medical treatment at the scene, and drove his motorcycle back to work. Plaintiff had no complaints of injury the day of the accident. However, plaintiff alleged that he developed back and shoulder pain as a result of the accident, eventually resulting in surgeries on his right shoulder, neck, and back. Plaintiff's treating physician indicated that he had restricted plaintiff from returning to work and that plaintiff would likely never return to his same position as a carpenter at the Ford Sterling Axle Plant.

On June 2, 2010, more than one year after the accident, defendant was provided with notice that plaintiff had been injured and that defendant was the highest priority no-fault insurer. An employee of defendant stated during her deposition that defendant had paid plaintiff $21,714.87 in medical expenses for doctor visits and physical therapy. Defendant's first payment to plaintiff was made on July 23, 2010.

On December 1, 2010, plaintiff filed suit against Badelalla, Basha, and Jet's Pizza, alleging that Badelalla's negligence caused plaintiff's injury, Basha negligently allowed Badelalla to drive her car, and Jet's Pizza was vicariously liable for the actions of Badelalla. After failing to respond to the summons and complaint, an order of default was entered against Badelalla and Basha on January 19, 2011.

At some point after plaintiff filed the complaint, defendant stopped paying benefits to plaintiff. Plaintiff then moved the trial court to allow him to amend his original complaint to add a first-party no-fault claim against defendant. The trial court entered an order allowing plaintiff to file an amended complaint to add defendant to the suit. In response to the trial court's order, plaintiff filed his amended complaint alleging that defendant had violated the no-fault act by refusing to pay plaintiff's benefits. Defendant filed an answer and affirmative defenses. Among the affirmative defenses asserted by defendant was the following:

> 3. That since notice was given, or payment has been previously made, Plaintiff may not recover benefits for any alleged expenses incurred more than one (1) year before the date on which the action was commenced, pursuant to MCL 500.3145(1).

While thus referring to MCL 500.3145(1) and the one-year-back rule that is reflected in that statutory provision, defendant did not assert an affirmative defense that specifically referred to the separate statute of limitations provision that is also reflected in MCL 500.3145(1).

The matter proceeded through discovery relative to both plaintiff's first-party and third-party no-fault claims, but the trial court eventually entered an order severing the claims for trial, with the trial on plaintiff's third-party no-fault claims against Jet's Pizza to take

place first and the trial on plaintiff's first-party no-fault claims against defendant to take place thereafter. Plaintiff's third-party no-fault claims against Jet's Pizza proceeded to trial before a jury. On December 6, 2012, the jury returned a verdict of no cause of action, explicitly deciding that plaintiff was injured but that Jet's Pizza did not proximately cause plaintiff's injuries.

Shortly after the disposition of the third-party no-fault claim, defendant filed two separate motions for summary disposition against plaintiff on this first-party no-fault claim. The first motion, filed on January 22, 2013, pursuant to MCR 2.116(C)(7) and (10), asserted that a motorcycle is not a motor vehicle under the no-fault act and therefore does not fall under the act's protection, and further that the jury verdict on the third-party no-fault claim conclusively determined that Badelalla's vehicle was not "involved" in the accident.

One week later, on January 29, 2013, defendant filed a second motion for summary disposition under MCR 2.116(C)(7) and (10). In that motion, defendant argued that plaintiff's claim was barred by the statute of limitations provision of MCL 500.3145(1). Specifically, defendant argued that MCL 500.3145(1) barred a claim for first-party no-fault benefits filed more than one year after the date of the accident, absent certain conditions. According to defendant, because the accident occurred on May 12, 2009, and the amended complaint asserting a first-party no-fault claim against defendant was not filed until May 16, 2011, plaintiff could not survive summary disposition unless he had provided written notice or received payment from defendant within one year of the accident. Notice, however, was not provided until June 2, 2010, and a payment from defendant was not received until July 23, 2010, both more than one year after the accident.

Plaintiff responded to defendant's motions on February 12, 2013. Plaintiff argued that defendant had waived the statute of limitations defense by failing to assert it in its first responsive pleading as an affirmative defense. Plaintiff also argued that he had not violated the statute of limitations because defendant's July 23, 2010 payment of benefits revived his claim. According to plaintiff, MCL 500.3145(1) does not require any payments be made within one year of the accident; it instead provides an exception to the statute of limitations when an insurer has at any time made a payment on a claim.

On February 19, 2013, the trial court heard defendant's motions for summary disposition. During the hearing, defendant acknowledged that the caselaw was sparse on the precise statute of limitations issue before the court. But, defendant argued on the basis of the language of the statute, a payment was required to be made within one year of the accident in order to fulfill the requirements of the second exception found in MCL 500.3145(1). Defendant also argued that it had not waived the statute of limitations defense. While defendant had not identified that specific defense in its first responsive pleading, it had cited the statute containing the limitations provision, although it had cited it in asserting the one-year-back rule. Defendant argued that citation of the statute should have been enough to provide plaintiff with notice of defendant's intent to use the affirmative defense, and that, if it was not, then defendant requested that it be allowed to amend its pleading to include the affirmative defense, which the trial court could permit within its discretion.

The trial court found defendant's position to be persuasive. Therefore, because plaintiff had not provided notice or received a payment within one year of

the accident, the statute of limitations had run and summary disposition was proper in favor of defendant. The trial court did not address the waiver issue. On February 20, 2013, the trial court entered an order granting defendant's motion for summary disposition, on statute of limitations grounds, "for the reasons stated on the record."[1] The trial court did not rule on defendant's earlier-filed motion for summary disposition.

Plaintiff moved for reconsideration. The trial court denied that motion, stating that its determination was supported by the plain language of the statute and this Court's decision in *Velazquez v MEEMIC*, unpublished opinion per curiam of the Court of Appeals, issued April 6, 2006 (Docket No. 264776).[2] Specifically, the trial court reasoned:

> In light of the plain language of MCL 500.3145(1) and the Court of Appeals' decision in *Velazquez, supra*, the Court was — and remains — convinced that an insurer must either (1) be given notice within one year after the accident, or (2) have paid benefits within one year of the accident, in order for an insured to be entitled to bring suit under the No-Fault Act. Accordingly, plaintiff's motion for reconsideration is properly denied.

This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision regarding a motion for summary disposition. *Jimkoski v Shupe*, 282 Mich App 1, 4; 763 NW2d 1 (2008). "Subrule (C)(7) permits summary disposition where the claim is barred

---

[1] Capitalization altered.

[2] Unpublished opinions of this Court are not binding precedent, but may be persuasive authority. MCR 7.215(C)(1).

by an applicable statute of limitations." *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). In considering a motion under MCR 2.116(C)(7), "[w]e consider all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001), citing MCR 2.116(G)(5). For purposes of MCR 2.116(C)(7), this Court must consider the provided documentary evidence in a light most favorable to the nonmoving party. *Moraccini v Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012). Further, "[t]his Court reviews de novo questions of law involving statutory interpretation." *Mich Muni Liability & Prop Pool v Muskegon Co Bd of Co Rd Comm'rs*, 235 Mich App 183, 189; 597 NW2d 187 (1999).

### III. INTERPRETATION OF MCL 500.3145(1)

Plaintiff argues that the trial court erred by grafting a temporal limitation onto the portion of MCL 500.3145(1) at issue, and by concluding that plaintiff's claim was barred under the limitations period it prescribes. That is, plaintiff maintains that when an insurer has made a payment of benefits, the one-year statute of limitations provision of the statute does not apply even if the payment was not made within one year of the accident. We disagree.

Recently, in *In re Harper*, 302 Mich App 349, 354-355; 839 NW2d 44 (2013), this Court set out the proper process for interpreting statutory law:

> The "primary goal" of statutory interpretation "is to discern the intent of the Legislature by first examining the plain language of the statute." *Driver v Naini*, 490 Mich 239, 246-247; 802 NW2d 311 (2011). A statutory provision

must be read in the context of the entire act, and "every word or phrase of a statute should be accorded its plain and ordinary meaning." *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011). When the language is clear and unambiguous, "no further judicial construction is required or permitted, and the statute must be enforced as written." *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002) (quotation marks and citation omitted). Only when the statutory language is ambiguous may a court consider evidence outside the words of the statute to determine the Legislature's intent. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). However, "[a]n ambiguity of statutory language does not exist merely because a reviewing court questions whether the Legislature intended the consequences of the language under review. An ambiguity can be found only where the language of a statute, as used in its particular context, has more than one common and accepted meaning." *Papas [v Gaming Control Bd]*, 257 Mich App [647, 658; 669 NW2d 326 (2003)].

Therefore, the starting point of this Court's analysis is the plain language of the statute. MCL 500.3145(1) states, in pertinent part:

An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

The statute begins by establishing a general rule that an action for first-party personal protection insurance

benefits "may not be commenced later than 1 year after the date of the accident causing the injury . . . ." MCL 500.3145(1). However, the statute then provides two exceptions to the general rule, under which a suit may be brought more than one year after the date of the accident. The first exception is when "written notice of injury as provided herein has been given to the insurer within 1 year after the accident . . . ." The second exception is when "the insurer has previously made a payment of personal protection insurance benefits for the injury." Although the first exception explicitly requires that notice have been provided within one year of the accident, the second exception requires that the insurer have "previously" made a payment of insurance benefits.[3]

The question then becomes what the adverb "previously" means in the context of this statutory language. As the parties note, no published authority exists that is precisely on point in deciding this issue, nor has the Legislature provided a definition of the word "previously," as used in this statute. In such situations, words and phrases in a statute should be read in context and given their ordinary meanings. *Harper*, 302 Mich App at 354. A reviewing Court may consult a dictionary as an aid to interpretation. *Johnson v Pastoriza*, 491 Mich 417, 436; 818 NW2d 279 (2012). The word "previously" means "coming or occurring before something else; prior[.]" *Random House Webster's College Dictionary* (2d ed, 2001), p 1049. The pertinent issue before this Court is what the "something else" is before which the payment by

---

[3] After setting forth the general one-year limitations period and the two exceptions, the statute then states the one-year-back rule, which limits a claimant from recovering benefits "for any portion of the loss incurred more than 1 year before the date on which the action was commenced." MCL 500.3145(1). Neither the first exception to the general limitations period nor the one-year-back rule is at issue in this case.

an insurer must have come or occurred. Plaintiff essentially argues that the "something else" is simply the filing of a plaintiff's first-party claim against a defendant;[4] defendant argues, and the trial court held, that the "something else" is the expiration of one year following the accident. We agree with defendant and the trial court.

The two exceptions in MCL 500.3145(1) to its one-year limitations period are clearly separated by the word "or." The word "or" is a disjunctive term indicating a choice between alternatives. See *Paris Meadows, LLC v Kentwood*, 287 Mich App 136, 148; 783 NW2d 133 (2010). In the context of this statute, those alternatives are the two exceptions to the one-year limitations period. Since the first exception is inapplicable in this case, our interpretation of the plain language of the statute is facilitated by removing the language of the first exception, such that the relevant statutory language becomes:

> An action for recovery of personal protection insurance benefits . . . may not be commenced later than 1 year after

---

[4] We note that plaintiff's first-party no-fault claim against defendant was added by way of an amended complaint in a previously filed action for third-party no-fault benefits against Badelalla, Basha, and Jet's Pizza. The date of filing of plaintiff's original complaint does not control, however, because the action at that time was for third-party no-fault benefits and, thus, was not "[a]n action for recovery of personal protection insurance benefits . . . ." MCL 500.3145(1). See *McCormick v Carrier*, 487 Mich 180, 279-280; 795 NW2d 517 (2010) (MARKMAN, J., dissenting) (explaining the difference between first-party and third-party benefits); *Hunt v Citizens Ins Co*, 183 Mich App 660, 666; 455 NW2d 384 (1990), citing *Taulbee v Mosley*, 127 Mich App 45, 47-48; 338 NW2d 547 (1983) (holding that the filing of third-party claims against other parties does not toll the running of the limitations period under MCL 500.3145(1) with regard to a defendant against whom first-party claims are asserted when the first-party claims are added to the original suit by amended complaint). In any event, even plaintiff's original complaint seeking third-party no-fault benefits was filed more than "1 year after the date of the accident causing injury . . . ." MCL 500.3145(1).

the date of the accident causing the injury . . . unless the
insurer has previously made a payment of personal protec-
tion insurance benefits for the injury. [MCL 500.3145(1).]

We conclude from this plain statutory language that the
Legislature intended that the word "previously" mean
previous to "1 year after the date of the accident causing
the injury . . . ." This interpretation is supported by the
fact that the Legislature juxtaposed "previously" with "1
year after the date of the accident causing injury," which
language thus appears much closer in proximity to the
word "previously" than does the Legislature's earlier
reference to the commencement of "[a]n action." This
interpretation also is supported by two principles of statu-
tory construction: our directive to avoid interpretations
that result in absurd consequences, and our directive to
avoid interpretations that render portions of a statute
nugatory. See *Detroit Int'l Bridge Co v Commodities
Export Co*, 279 Mich App 662, 674; 760 NW2d 565 (2008);
*Robinson v Lansing*, 486 Mich 1, 21; 782 NW2d 171
(2010). To hold, as plaintiff suggests, that any payment
made by an insurer would revive a stale claim, no matter
how much time has elapsed, would render an absurd
result by allowing, potentially, even decades-old claims to
be asserted. Further, that interpretation would essentially
eliminate the limitations period of MCL 500.3145(1) in
cases in which an insurer has ever paid anything on a
claim, rather than providing a limited exception that
allows for the filing of suit more than one year after the
accident in certain circumstances. We decline to adopt
plaintiff's preferred interpretation, which we find would
be in contravention of the "legislative purpose in the
no-fault act in encouraging claimants to bring their claims
to court within a reasonable time and the reciprocal
obligations of insurers to adjust and pay claims season-
ably" and to "protect against stale claims and protracted

litigations." *Pendergast v American Fidelity Fire Ins Co,* 118 Mich App 838, 841-842; 325 NW2d 602 (1982).

In reaching this conclusion, we are mindful of the fact that in crafting the first exception the Legislature chose language that expressly required written notice of injury "within 1 year after the accident," whereas in crafting the second exception it chose to use the word "previously." However, in the context of this statute, we conclude that the two phraseologies mean precisely the same thing. The Legislature was not required to use identical terminology in crafting the two exceptions, particularly when doing so in the context of a single statutory sentence would be repetitive. We conclude in this circumstance that the Legislature did not intend different temporal meanings in the two exceptions, but instead intended that the second exception's use of the word "previously" conveyed the same temporal meaning as did the quoted language of the first exception.

We therefore hold that MCL 500.3145(1) allows for suit to be filed more than one year after the date of the accident causing injury only if the insurer has either received notice of the injury within one year of the accident *or* made a payment of personal protection insurance benefits for the injury within one year of the accident.

### IV. WAIVER OF AFFIRMATIVE DEFENSE

Plaintiff also argues that, even if the statute of limitations bars his claim, defendant has waived the defense by failing to assert it in its first responsive pleading. We disagree.

A party generally must raise an affirmative defense in his or her first responsive pleading or it is waived. *Meridian Mut Ins Co v Mason-Dixon Lines, Inc (On*

*Remand)*, 242 Mich App 645, 647; 620 NW2d 310 (2000). MCR 2.111(F)(3) provides:

> Affirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118. Under a separate and distinct heading, a party must state the facts constituting
>
> (a) an affirmative defense, such as contributory negligence; the existence of an agreement to arbitrate; assumption of risk; payment; release; satisfaction; discharge; license; fraud; duress; estoppel; statute of frauds; statute of limitations; immunity granted by law; want or failure of consideration; or that an instrument or transaction is void, voidable, or cannot be recovered on by reason of statute or nondelivery;
>
> (b) a defense that by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part;
>
> (c) a ground of defense that, if not raised in the pleading, would be likely to take the adverse party by surprise.

In this case, defendant cited MCL 500.3145(1) in an affirmative defense, but only referred to the one-year-back rule contained in that statute. Specifically, defendant stated, "That since notice was given, or payment has been previously made, Plaintiff may not recover benefits for any alleged expenses incurred more than one (1) year before the date on which the action was commenced, pursuant to MCL 500.3145(1)." At the summary-disposition motion hearing, defendant argued that its citation of the statute should have been enough to provide plaintiff with notice of defendant's intent to rely on the affirmative defenses of the statute, including the statute of limitations provision, and that, if it was not, then defendant requested that it be allowed to amend its pleading to include the affirmative defense, which the trial court could permit within its discretion. The trial court did not specifically rule on the waiver issue, or on the

alternative request to amend, but granted summary disposition in favor of defendant as previously described in this opinion.

"[T]he primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position." *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 317; 503 NW2d 758 (1993). Given defendant's citation of MCL 500.3145(1) in its affirmative defenses, plaintiff arguably was made aware of the limitations period of that statute and not unfairly surprised by defendant's assertion of the defense. See *Stanke*, 200 Mich App at 317. However, the fact is that defendant did not refer to the statute of limitations in any fashion, and instead specifically described its affirmative defense as relating to the one-year-back provision of the statute, thereby arguably suggesting that it was not citing the statute for any other purpose.

However, leave to amend pleadings should be freely granted to a nonprevailing party at summary disposition, unless amendment would be futile or otherwise unjustified. *Lewandowski v Nuclear Mgt Co, LLC*, 272 Mich App 120, 126-127; 724 NW2d 718 (2006). Therefore, had the trial court found that defendant had failed to plead the statute of limitations defense with sufficient clarity, it could have, in its discretion, granted defendant leave to amend its pleading, in which case the result would be the same—the limitations period of MCL 500.3145(1) would still bar plaintiff's claim. Given the trial court's discretion to simply allow amendment of the pleading, and in the interest of judicial efficiency, we see no need to remand the case for the trial court to do just that. Accordingly, we conclude that defendant did not waive the affirmative defense of the statute of limitations.

Affirmed.

METER, J., concurred with BOONSTRA, P.J.

SERVITTO, J. (*dissenting*). I respectfully dissent.

MCR 2.111(F)(3) requires that affirmative defenses be stated in a party's responsive pleading, either as originally filed or as amended and states that a party must state the facts constituting:

> (a) an affirmative defense . . . ;
>
> (b) a defense that by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part;
>
> (c) a ground of defense that, if not raised in the pleading, would be likely to take the adverse party by surprise.

Under this rule, it is insufficient for a defendant to merely list the defense; the defendant must identify the affirmative defense under a separate heading and must plead specific facts indicating, when a statute of limitations is at issue, that the statute "is applicable as a special defense which prevented recovery against this defendant." *Kincaid v Cardwell*, 300 Mich App 513, 536 n 5; 834 NW2d 122 (2013) (citation and quotation marks omitted).

Under MCR 2.111(F)(2), "[a] party against whom a cause of action has been asserted by complaint, cross-claim, counterclaim, or third-party claim *must* assert in a responsive pleading the defenses the party has against the claim. A defense not asserted in the responsive pleading or by motion as provided by these rules is waived . . . ." (Emphasis added.) Given the requirement that specific facts must be stated to support an affirmative defense, it is only logical that a defendant is thus restricted to the specific defenses and the specific facts underlying those defenses that he or she has pleaded. That is, if the defendant has not pleaded a specific

defense, the defendant has waived it, just as stated in the court rule. It is undisputed that defendant here did not plead the statute of limitations provision contained in MCL 500.3145 as an affirmative defense.

Relevant to the instant matter, our Supreme Court has explicitly held that MCL 500.3145 "contains two limitations on the time for filing suit and one limitation on the period for which benefits may be recovered[.]" *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 574; 702 NW2d 539 (2005). Thus, there are at least two specific affirmative defenses contained within MCL 500.3145: a statute of limitations defense and a defense limiting the amount of damages recoverable. Though they appear in the same statute, they are two very different affirmative defenses. Therefore, I disagree with the majority's conclusion that plaintiff was not unfairly surprised by defendant's assertion of the statute of limitations defense in its summary disposition motion, given that defendant had only referred to the one-year-back provision of MCL 500.3145.

Statutes of limitations are procedural devices intended to promote judicial economy and protect the rights of defendants by precluding litigation of stale claims. *Attorney General v Harkins*, 257 Mich App 564, 569; 669 NW2d 296 (2003). "A statutory limitations period represents a legislative determination of that reasonable period of time that a claimant will be given in which to file an action." *Lothian v Detroit*, 414 Mich 160, 165; 324 NW2d 9 (1982). Statutes of limitations bar a claimant from filing suit after the statutory period has expired. See *id.* at 165-167. The one-year-back provision, in contrast, is "[s]imply stated, . . . not [a] statute[] that limit[s] the period of time in which a claimant may file an action. Rather, [it] concern[s] the time period for which compensation may be awarded

once a determination of rights thereto has been made."
*Howard v Gen Motors Corp*, 427 Mich 358, 385; 399
NW2d 10 (1986) (opinion by BRICKLEY, J.). It does not, as
a statute of limitations does, act as a complete bar to a
claimant's filing of suit, but instead serves as a limita-
tion on the period for which damages are recoverable in
a properly filed suit.

The principle that an affirmative defense must be
specifically pleaded and supported by specific factual
assertions or it is waived is supported by *Tyra v Organ
Procurement Agency of Mich*, 302 Mich App 208; 850
NW2d 667 (2013). In that case, a medical malpractice
action, the trial court granted summary disposition in
favor of defendants pursuant to MCR 2.116(C)(7). The
plaintiff had sent notices of intent to defendants pur-
suant to MCL 600.2912b, but filed her complaint 112
days later instead of waiting 182 days or more as
required by MCL 600.2912b(1). One group of defen-
dants presented a list of affirmative defenses that, in
relevant part, stated, " 'Plaintiff failed to comply with
the notice provisions of MCL 600.2912b; MSA
27A.2912b and that Plaintiff's action is thus barred;
Defendant gives notice that it will move for summary
disposition.' " *Id*. at 214. These defendants moved for
summary disposition, contending that because the
plaintiff had failed to comply with the requisite notice
period before filing suit, her complaint was insufficient
to commence the action and, because by then the
statute of limitations had expired, dismissal with preju-
dice was warranted. The trial court agreed. A panel of
this Court, however, agreed with plaintiff's position
that because defendants' responsive pleadings asserting
their affirmative defenses had failed to set forth suffi-
cient facts to put plaintiff on notice that she had failed
to comply with the notice period requirement, defen-
dants had waived that affirmative defense under MCR
2.111(F).

Noting that "MCR 2.111(F)(3) requires that the party '*must state the facts constituting*' any affirmative defense so raised," the *Tyra* Court indicated that an affirmative defense must thus contain facts setting forth *why and how* the party asserting it believes the specific affirmative defense is applicable in order to apprise the plaintiff of the defense relied upon and take a responsive position. *Id.* at 213-214. In *Tyra*, the defendants had simply asserted that the plaintiff had "failed to comply with the notice provisions of MCL 600.2912b," but, in fact, the defendants were specifically relying upon the notice *period* in support of their motion for summary disposition. *Id.* at 214.

MCL 600.2912b does set forth the notice period, but also sets forth statements that must be contained within the notice including the applicable standard of care and the manner in which the claimant alleges the standard has been breached, and a requirement that the claimant allow the person or facility receiving the notice access to all medical records relating to the claim within a specified period. The failure to comply with any or all of these provisions could have been the basis of the defendants' affirmative defense. As the *Tyra* Court stated:

> MCL 600.2912b(4) specifically addresses "the notice given to a health professional or health facility." An ordinary reading of the affirmative defense alongside the statute could reasonably induce a reader to believe that plaintiff's only alleged violation of MCL 600.2912b—specifically, the "notice provisions" thereof—pertained to the notice *itself*, as distinct from the notice period. It is true that "the primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position." Therefore, by extension to other filings, the statement of facts required under MCR 2.111(F) should not need to be extensive or detailed. However, the statement here is

> merely a conclusion, not even a vague statement of "facts
> *constituting*" an affirmative defense. MCL 2.111(F)(3). The
> statement fails to explain why defendants believed plaintiff
> "failed to comply with the notice provisions of MCL
> 600.2912b." [*Tyra*, 302 Mich App at 215.]

The *Tyra* court concluded, "Because defendants failed
to provide any, let alone a comprehensible or adequate,
statement of facts supporting the relevant affirmative
defense, we find the affirmative-defense statement by
the defendants insufficient to raise the affirmative
defense of plaintiff's failure to comply with the notice-
*period* requirement of MCL 600.2912b. Under a plain
application of MCR 2.111(F), the affirmative defense
would be waived." *Id.* at 216-217.

In this case, in which there is more than one provi-
sion set forth in the applicable statute and defendant
specifically referred to only one of those statutory
provisions in its list of affirmative defenses, the statu-
tory reference in defendant's list of affirmative defenses
did not apprise plaintiff that defendant intended to rely
on any provision other than the one specifically referred
to. And, as a result, plaintiff was not able to take a
responsive position to those provisions that were not
referred to. *Tyra*, at 213-214. Any affirmative defense
that was dependent on those other provisions was
therefore waived.

While the trial court could have, in its discretion,
allowed defendant to amend its pleadings to include a
statute of limitations defense, there is no indication
that it did so. Whether it would have granted such a
motion, given that the matter had proceeded for over
1½ years and was essentially on the brink of trial,
would be conjecture. Moreover, MCR 2.111(F)(3) is
clear that an amended pleading must fulfill the require-
ments of MCR 2.118. MCR 2.118(A)(4) states that

"[a]mendments must be filed in writing, dated, and numbered consecutively . . . ." The record here is devoid of any written amendment provided by defendant to include a statute of limitations defense, precluding this Court from treating such a defense as pleaded.

Again, because defendant did not assert the statute of limitations defense set forth in MCL 500.3145(1) in its first responsive pleading or an amended pleading, I would find that defendant waived that defense, and I would thus hold that the trial court erred by granting summary disposition in defendant's favor. Based on this ruling, I would not reach the issue of whether, as the majority held, under MCL 500.3145(1), suit to recover PIP benefits may be filed more than one year after the date of an accident causing accidental bodily injury only if the insurer has either received notice of the injury within one year of the accident or made a payment of PIP benefits for the injury within one year of the accident. This Court does not render advisory opinions on issues unnecessary to the disposition of the case. See, e.g., *People v Wilcox*, 183 Mich App 616, 620; 456 NW2d 421 (1990). Because defendant waived any statute of limitations defense found in MCL 500.3145(1), interpretation of the statute of limitations provision contained therein is unnecessary.

I would reverse the trial court's grant of summary disposition in favor of defendant and remand.