# STATE OF MICHIGAN

# COURT OF APPEALS

CHINITA TERRY,

Plaintiff-Appellant,

v

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, and JP MORGAN CHASE
BANK, NA,

Defendants-Appellees.

UNPUBLISHED
July 28, 2015

No. 321141
Wayne Circuit Court
LC No. 13-012961-CH

Before: SAWYER, P.J., and DONOFRIO and BORRELLO, JJ.

PER CURIAM.

In this foreclosure-related action, plaintiff appeals as of right a March 11, 2014 circuit court order granting summary disposition in favor of defendants' JP Morgan Chase Bank, NA, (Chase), and Federal National Mortgage Association (Fannie Mae). For the reasons set forth in this opinion, we affirm.

In 2000, plaintiff purchased the subject property. Sometime thereafter, plaintiff failed to make mortgage payments to Chase, the mortgagee and lender of record. Chase foreclosed on the property by advertisement, purchased the property at a sheriff's sale on February 7, 2013, and subsequently conveyed the property to Fannie Mae. Plaintiff failed to redeem the property within the statutory redemption period, which expired on August 7, 2013.

After acquiring the property, Fannie Mae commenced eviction proceedings in the district court. In response, plaintiff commenced this action in the circuit court to quiet title to the property. Plaintiff alleged that defendants violated MCL 600.3205 by refusing to offer her a loan modification, breached a "Trial Period Plan" (TPP) agreement that Chase sent to plaintiff sometime before the foreclosure, and breached the duty of good faith and fair dealing. Plaintiff also alleged a promissory estoppel claim and a claim of "deceptive act and/or an unfair practice" that were both related to Chase's alleged breach of the TPP.

Defendants moved for summary disposition under MCR 2.116(C)(8) and (C)(10) and the circuit court granted the motion on March 7, 2014, stating "the case law and the statutes are very clear." The circuit court entered a written order on March 11, 2014. Plaintiff appeals as of right.

-1-

"We review de novo a trial court's decision regarding a motion for summary disposition." *Jesperson v Auto Club Ins Ass'n*, 306 Mich App 632, 639; 858 NW2d 105 (2014). Defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is proper where the alleged claims are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992). Summary disposition is proper under MCR 2.116(C)(10) where "the proffered evidence fails to establish a genuine issue regarding any material fact, [and] the moving party is entitled to judgment as a matter of law." *Maiden*, 461 Mich at 120.

Essentially all of plaintiff's claims turn on whether she alleged a legally cognizable claim to set aside the foreclosure and sheriff's sale. Plaintiff does not dispute that Chase foreclosed on the property, purchased the property at the sheriff's sale, and that she did not redeem the property; therefore, absent a legal basis to set aside the foreclosure and sheriff's sale, plaintiff's claimed interest in the property and all of her related legal claims fail as a matter of law. See e.g. *Special Property VI, LLC v Woodruff*, 273 Mich App 586, 590; 730 NW2d 753 (2007) ("the plaintiff in a quiet-title action has the initial burden of establishing a prima facie case of title. . ."); MCR 3.411(B)(2)(c) (in a civil action to determine interest in land, a plaintiff must allege facts that establish superiority of the plaintiff's claim). We proceed by addressing the basis on which plaintiff contends that the foreclosure and sheriff's sale should be set aside.

In her complaint, plaintiff alleged that Chase failed to determine whether she was eligible for a loan modification and failed to send her a "denial letter" as required under MCL 600.3205.[1] Plaintiff presumably refers to MCL 600.3205a, which contained a provision allowing a borrower to contact a housing counselor, and, if such contact was made, pursuant to MCL 600.3205c, the lender had certain obligations with regard to loan modification. Under MCL 600.3205c(8), in the event the mortgage holder failed to abide by the statutory obligations, it could have been required to proceed by judicial foreclosure as opposed to foreclosure by advertisement.

Plaintiff's reliance on MCL 600.3205c is misplaced; the statute did not create an independent cause of action to set aside a foreclosure following expiration of the redemption period. Nor did it guarantee plaintiff the right to a loan modification. Instead, the statute provided that in some circumstances a borrower could demand that foreclosure by advertisement proceed as a judicial foreclosure. Therefore, plaintiff's reliance on MCL 600.3205 as a basis to set aside the foreclosure and quiet title to the property failed as a matter of law.

To the extent that plaintiff alleged that fraud and irregularities warranted setting aside the foreclosure and sheriff's sale, this argument also failed as a matter of law.

MCL 600.3204 sets forth the requirements for a foreclosure by advertisement. *Kim v JP Morgan Chase Bank, NA*, 493 Mich 98, 113; 825 NW2d 329 (2012). "[D]efects or irregularities

---

[1] MCL 600.3205 and MCL 600.3205a-d were repealed effective June 30, 2014. See MCL 600.3205e; 201 PA 125.

in a foreclosure proceeding result in a foreclosure that is voidable, not void ab initio." *Id*. at 115-116. "In this regard, to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with MCL 600.3204." *Id*. "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id*. This is a high burden and "it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Sweet Air Inv Inc v Kenney*, 275 Mich App 492, 497; 739 NW2d 656 (2007) (quotation marks and citations omitted).

In her complaint, plaintiff alleged that Chase failed to determine if she was eligible to modify her loan and failed to allow her to modify her loan in violation of MCL 600.3205. Plaintiff alleged that Chase's failure to adhere to the statute resulted in her losing title to the property. In doing so, plaintiff failed to allege sufficient facts to show that Chase's conduct amounted to prejudice sufficient to set aside the sheriff's sale. As explained above, the statute did not require that Chase offer plaintiff a loan modification, nor did it guarantee plaintiff that she would receive a loan modification. Moreover, plaintiff did not allege that she complied with the requirement in MCL 600.3205a(d) that she request a meeting "to attempt to work out a modification of the mortgage loan. . . ." Absent plaintiff's request, Chase was not obligated to discuss a modification under the statute. More importantly, even assuming that Chase violated provisions of the statute, at best, plaintiff's remedy would have been the right to a judicial foreclosure as opposed to a foreclosure by advertisement. See MCL 600.3205c(8). Plaintiff did not allege facts showing that she would have been able to retain her interest in the property had Chase proceeded with a judicial foreclosure. Therefore, the alleged violation of MCL 600.3205 was insufficient to show prejudice to set aside the sheriff's sale. *Kim*, 493 Mich at 113.

Similarly, plaintiff's claims related to Chase's alleged breach of the TPP agreement do not amount to fraud or irregularity sufficient to set aside the sheriff's sale under *Kim*, 493 Mich at 113 because the TPP was not a binding agreement to modify the loan. Specifically, Chase sent plaintiff a proposal for a three month TPP under the Home Affordable Modification Program (HAMP). The TPP contained several preconditions including a requirement that plaintiff sign and return "two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied." Section 2 provided in relevant part as follows:

> I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date . . . has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

Plaintiff attached a copy of the TPP to her response to defendants' motion for summary disposition. The TPP contains a signature on the signature block labeled "JP Morgan Chase Bank, N.A." with a date that did not correspond with the date that the TPP was sent to plaintiff. Defendants maintain that the TPP does not contain a signature from one of Chase's authorized representatives. Plaintiff does not directly address whether Chase signed the TPP, but states in her brief on appeal that "[c]ourts have recognized as contracts TPP agreements that were not

signed by the lender." To the extent plaintiff concedes that the TPP was not signed by one of Chase's authorized agents and returned to her as required by the preliminary offer, all claims regarding the TPP were barred by the statute of frauds which requires that a financial institution's agreement to modify repayment be "in writing and signed with an authorized signature by the financial institution." MCL 566.132.

Moreover, the TPP did not create a binding contract regarding a permanent loan modification. The TPP provided that plaintiff's loan would be modified if certain preconditions were met. One of those conditions provided that after plaintiff signed and returned two copies of the TPP to Chase, Chase would send plaintiff a "signed copy of this Agreement." The TPP did not take effect unless "the Lender accepts this Agreement by signing and returning a copy of it to me." In the lower court plaintiff did not attach copies of the accepted agreement that were signed and returned to her. Thus, there were no facts to support that the agreement ripened into a binding contract to modify the loan.

In short, the facts and circumstances surrounding the TPP do not amount to "a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Sweet Air Inv Inc*, 275 Mich App at 497. Accordingly, the trial court did not err in dismissing plaintiff's breach of contract and TPP-related claims.

In sum, plaintiff failed to allege a legally cognizable claim to set aside the foreclosure and sheriff's sale. Therefore, her claims failed as a matter of law and the trial court did not err in granting defendants' motion for summary disposition.

Affirmed. No costs awarded. MCR 7.219(a).

/s/ David H. Sawyer
/s/ Pat M. Donofrio
/s/ Stephen L. Borrello

-4-