# STATE OF MICHIGAN

# COURT OF APPEALS

GERARD TRUDEL,

Plaintiff-Appellant,

v

CITY OF ALLEN PARK, CITY OF ALLEN
PARK EMPLOYEES RETIREMENT SYSTEM,
CITY OF ALLEN PARK EMPLOYEES
RETIREMENT SYSTEM BOARD OF
TRUSTEES, GARY BURTKA, BEVERLY
KELLEY, ELLEN TEMPLIN, DAVID
TRINGER, and JAMES WILKEWITZ,

Defendants-Appellees.

UNPUBLISHED
October 6, 2015

No. 322513
Wayne Circuit Court
LC No. 10-012758-CZ

Before: GLEICHER, P.J., and SAWYER and FORT HOOD, JJ.

PER CURIAM.

Plaintiff Gerard Trudel is a retired district court judge. In 2010, he filed two lawsuits challenging defendants' decision to deny him a duty disability pension. The parties litigated the cases vigorously and aggressively. They fought over discovery and the merits, filing dozens of motions. The circuit court granted summary disposition to plaintiff in one case and to defendants in the other. This Court issued a 20-page opinion affirming the grant of summary disposition in one case, reversing in the other, and remanding for further proceedings.

The renewed proceedings commenced in January 2014. In February 2014, the court issued an order setting a trial date in March. The order directed that certain individuals or their representatives appear personally on the appointed date. Plaintiff failed to personally appear and the circuit court dismissed the case with prejudice.

We reverse for two reasons. First, the trial notice was ambiguous. Reasonably understood, it required only counsels' attendance at the trial. Second, even assuming that plaintiff's failure to appear violated the order, plaintiff's transgression did not warrant a sanction as severe as dismissal without prejudice.

-1-

I.

The details of plaintiff's underlying claim are irrelevant, so we will ignore them.[1] Following remand by this Court in January 2014, plaintiff promptly filed a petition for an order for superintending control and a motion for summary disposition. The circuit court scheduled both matters for hearing on March 13, 2014.

On February 26, 2014, the circuit court issued a notice of trial for March 17, 2014. The notice provided, in relevant part:

> The specific trial attorneys, parties, lienholders, insurance representatives *or* other persons with authority to make a final decision as to settlement are required to appear promptly at the time noted and must be prepared to begin trial immediately. All motions must be scheduled and heard prior to trial.
>
> Failure to appear may result in a dismissal of this action. [Underlining in original, italics added.]

On March 3, 2014, plaintiff moved to adjourn the trial, asserting that the applicable case flow management guidelines did not require such a rapid trial, and that the dispute had not been subject to case evaluation pursuant to MCR 2.303. The court scheduled the motion for hearing on March 13—three days before the appointed trial date, and the same date it had selected for hearing plaintiff's dispositive motions.

No proceedings of record were conducted on March 13. According to plaintiff's brief on appeal, counsel for the parties met with the court in chambers. Plaintiff's brief asserts that the court declined to rule on the pending motions, including the motion to adjourn the trial. Defendants have not challenged this account.

On March 14—the Friday before trial—defendants served plaintiff's attorneys with a subpoena compelling plaintiff's attendance at the Monday, March 17 trial. On Monday, plaintiff filed a motion to quash the subpoena, asserting that he was not required to attend the trial, now resided in California, and had not made any travel arrangements. Plaintiff continued that his physical and mental disabilities rendered him "incapable of traveling to Michigan for trial at this time."

The court did not hear that motion. Rather, defendants moved on the record for dismissal based on plaintiff's failure to attend. Plaintiff's counsel retorted that the trial notice permitted plaintiff's attorneys as "persons with authority to make the final decision as to settlement" to appear in plaintiff's stead and affirmed that they were prepared to settle or to proceed. Plaintiff's counsel complained that defendants had served the subpoena on "Friday afternoon at

---

[1] Readers seeking more information should consult our prior opinion, *Trudel v City of Allen Park*, unpublished opinion per curiam of the Court of Appeals, issued November 14, 2013 (Docket Nos. 304507; 304567; 312351).

approximately 3:30 in the afternoon." Further, plaintiff's counsel observed, individual defendants, Burtka, Kelley, Templin, Tringer and Wilkewitz, were also absent, suggesting that they interpreted the subpoena in the same manner as had plaintiff. Plaintiff's counsel requested a two-week adjournment to permit all defendants and plaintiff to appear. The trial court denied the motion to adjourn, stating:

> The trial notice in this case, the specific trial notice says attorneys, parties, lienholders, insurance representatives, or other persons with authority to make a final decision as to settlement are required to be [sic] appear promptly at the time noted and must be prepared to begin trial immediately. All motions must be scheduled and heard prior to trial. The language that says insurance representatives or other persons is referring to a representative from an insurance company. The notice requires the plaintiff to appear. He hasn't. The Court will grant the motion.

Not surprisingly, a slew of motions followed this ruling. The circuit court ultimately denied plaintiff's motion for reconsideration of the dismissal order, and this appeal followed.

II.

We review de novo a circuit court's construction and application of the Michigan Court Rules. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). "A court, in its discretion, may dismiss a case with prejudice or enter a default judgment when a party or counsel fails to appear at a duly scheduled trial. This Court reviews a trial court's decision to dismiss an action under an abuse of discretion standard." *Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501, 506; 536 NW2d 280 (1995) (citations omitted).

III.

Plaintiff raises five arguments attacking the circuit court's dismissal ruling. We find two persuasive.

The trial notice commanded the appearance of "The specific trial attorneys, parties, lienholders, insurance representatives *or* other persons with authority to make a final decision as to settlement[.]" (Underlining in original, italics added.) Here, we apply the rules of contract construction and interpretation to the interpretation and construction of the court order.[2] Initially, we must determine whether the language is clear and unambiguous. *Alpha Capital Mgt, Inc v Rentenbach*, 287 Mich App 589, 611; 792 NW2d 344 (2010). "A contract is said to be ambiguous when its words may reasonably be understood in different ways." *Raska v Farm*

---

[2] This Court generally employs contractual interpretation principles when considering a stipulated order. See, e.g., *Phillips v Jordan*, 241 Mich App 17, 21; 614 NW2d 183 (2000). Although this case does not center on a stipulated order, both parties resorted to contractual interpretation rules, as well as the rules of statutory construction, in their appellate arguments. We, too, find this the most reasonable approach to resolving the parties' dispute.

*Bureau Mut Ins Co of Mich*, 412 Mich 355, 362; 314 NW2d 440 (1982). More recently, our Supreme Court emphasized that a finding of ambiguity must rest on a determination that the words used are "equally susceptible to more than a single meaning." *Stone v Williamson*, 482 Mich 144, 150-151; 753 NW2d 106 (2008).

The sentence at issue is written in the disjunctive. " 'Or' is . . . a disjunctive [term], used to indicate a disunion, a separation, an alternative." *People v Kowalski*, 489 Mich 488, 499, n 11; 803 NW2d 200 (2011) (citations omitted, alterations in original). "Or" offers a choice between alternatives. *Jesperson v Auto Club Ins Ass'n*, 306 Mich App 632, 643; 858 NW2d 105 (2014). When items in a list are joined by a comma with an "or" preceding the last listed item, the alternatives are disjunctive. See *Caldwell v Chapman*, 240 Mich App 124, 131; 610 NW2d 264 (2000). "The disjunctive 'or' usually, but not always, separates words or phrases in the alternative relationship, indicating that either of the separated words or phrases may be employed without the other." 1A Singer, Sutherland Statutory Construction (7th ed), § 21:14, pp 189-190. "The use of the disjunctive usually indicates alternatives and requires that those alternatives be treated separately." *Id*. at 190.

One reasonable way to read the circuit court's trial notice is that the disjunctive phrasing signaled that the trial attorneys, or the parties, or any other persons with settlement authority were expected to be present on the day of trial. Alternatively, the order could be read to mean that the trial attorneys, and the parties, and the lienholders, and the insurance representatives or persons other than the insurance representatives possessing settlement authority were commanded to attend. The latter construction requires us to imply the word "and" between the listed items. Because the phrasing is equally susceptible to either meaning, the notice was patently ambiguous. Thus, plaintiff's absence was consistent with the notice requirements.

Defendant urges a canon of statutory construction known as the last antecedent rule that should guide our interpretation of the notice. "The 'last antecedent' rule of statutory construction provides that a modifying or restrictive word or clause contained in a statute is confined solely to the immediately preceding clause or last antecedent, unless something in the statute requires a different interpretation." *Stanton v City of Battle Creek*, 466 Mich 611, 616; 647 NW2d 508 (2002). If we confine the modifying clause "or other persons with authority to make a final decision as to settlement" to the term "insurance representative," defendants' argument makes sense. But taken in context, the sentence sets forth a list of alternative persons or entities "with authority to make a final decision as to settlement." Our Supreme Court recently warned that "the last antecedent rule should not be applied blindly," and is of no effect "if 'something in the statute requires a different interpretation' than the one that would result from applying the rule." *Hardaway v Wayne Co*, 494 Mich 423, 428; 835 NW2d 336 (2013). Because the sentence at issue gives rise to an intention contrary to that suggested by the last antecedent rule, we decline to apply it.

IV.

Even had we determined that the trial notice clearly and unambiguously commanded plaintiff's attendance on March 17, 2014, we believe that the circuit court abused its discretion by dismissing the case with prejudice.

MCR 2.506(F) provides, "If a party or an officer, director, or managing agent of a party fails to attend or produce documents or other tangible evidence pursuant to a subpoena or an order to attend, the court may . . . enter judgment by default against that party." The imposition of such a sanction is discretionary as evidenced by use of the term "may." "Dismissal is a drastic step that should be undertaken cautiously." *Vicencio*, 211 Mich App at 506. "Our legal system favors disposition of litigation on the merits." *Id.* at 507. Before imposing the extreme sanction of dismissal with prejudice, "the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Id.* at 506-507. Because the entry of an order of dismissal is a drastic step, caution is required before resorting to this sanction. See *VandenBerg v VandenBerg*, 231 Mich App 497, 502; 586 NW2d 570 (1998).

In *Vicencio*, this Court concluded that the trial court abused its discretion by dismissing a case because the court failed to evaluate other available sanctions on the record. *Id.* at 506-507. The Court referenced a nonexhaustive list of factors to be considered before imposing the sanction of dismissal:

> (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id.* at 507, citing *Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990).]

See also *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 631; 750 NW2d 228 (2008) (stating "dismissal is a drastic sanction that requires consideration of several factors," and citing the seven factors set forth by *Vicencio*).

Here, the circuit court made no mention of any of the seven factors set forth in *Vicencio*, nor did it evaluate any other available sanctions on the record or explain why dismissal was just and proper. Defendants have brought to our attention no evidence that plaintiff caused prior delays, or behaved contumaciously. Moreover, plaintiff timely and conscientiously sought an adjournment of the trial, but the circuit court refused to hear plaintiff's motion. Accordingly, dismissal of plaintiff's case constituted an abuse of discretion.

We reverse and remand for further proceedings, and do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ Karen M. Fort Hood